**Kenneth HOLLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–88–037–CR.

Court of Appeals of Texas,
Austin.

April 12, 1989.

Phil Campbell, Austin, for appellant.

Paul Womack, Asst. Dist. Atty., Georgetown, for appellee.

Before SHANNON, C.J., and EARL W. SMITH * and CARROLL, JJ.

EARL W. SMITH, Justice, Retired.

Kenneth Holland appeals his conviction for aggravated sexual assault. Tex.Pen. Code Ann. § 22.021 (1989). A jury found him guilty and sentenced him to 60 years confinement in the Department of Corrections and a $5,000.00 fine. We will affirm the judgment of conviction.

Appellant brings two points of error: (1) the trial court erred in denying appellant's motion to suppress evidence and in admitting appellant's confession into evidence because it was not knowingly, voluntarily, and intelligently made; and (2) the trial court erred in denying appellant's motion for a directed verdict and appellant's conviction is void because the statute upon

---

* Before Earl W. Smith, Justice (Retired) Third Court of Appeals, sitting by assignment. *See*

which the prosecution is based is unconstitutional.

## MOTION TO SUPPRESS

Appellant gave Sergeant Michael Shane, Austin Police Department, two written statements. One, made on September 28, 1987, denied committing the offense. The second statement, made on October 1, 1987, confessed to the offense.

Shane contacted appellant in connection with a complaint of child sexual abuse made by Susan Schroeder, the child's mother. Shane contacted appellant's attorney, who told Shane how to contact appellant. Shane arranged an interview for September 28. Appellant contacted Shane the morning of the interview and told him that he did not have transportation to the police station. Shane, who was in plain clothes, not a uniform, and who was not driving a blue-and-white marked car, went to appellant's workplace and picked him up.

Appellant contacted his attorney from his workplace before going to the police station. His attorney apparently advised him to cooperate with the police. Shane explained his rights and appellant signed a form with the *Miranda* warnings written out. Shane told him that he was free to end the interview at any time. The interview resulted in a written statement in which appellant denied molesting his son. That statement also contained the appropriate warnings, each of which appellant initialed. *See* Tex.Code Cr.P.Ann. art. 38.22, § 2(a)(1979). Appellant, after consulting his attorney, agreed to return for a polygraph exam.

On October 1, appellant, providing his own transportation, arrived at the station and took a polygraph. The examiner informed him that the results showed that he was not being truthful. Before talking to him, Shane again explained his rights. Appellant then made the inculpatory statement, which was reduced to writing, again on a form containing warnings, each one initialed by appellant. In testifying on the

Tex. Gov't Code Ann. § 74.003 (1988).

motion to suppress, appellant admitted that he was warned and that he understood the warnings. He said that he did not request an attorney at the October 1 interview with Shane because he was upset and "in shock" at the polygraph results. Shane's observation was that while appellant was visibly upset, he was not more upset than would be expected under the circumstances. Shane had dealt with people who were both less upset than appellant, and substantially more upset. He did not think that appellant was upset to a degree that impaired his functioning.

After giving the statement, appellant talked to a social worker, then left. Shane was not sure where appellant went after Shane talked to him on October 1. Appellant was never under formal arrest or restrained in any way. Appellant never said that he perceived himself to be under any restraint or compulsion to stay at the station, other than perhaps as part of his general allegation that he made an untrue confession because the police threatened to tell the district attorney that he did not "cooperate."

■ The requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and of Tex.Code Crim. P.Ann. art. 38.22 (1979), apply only to statements made as the result of *custodial interrogation.* That a person makes a statement at a police station in response to questioning does not automatically make the resulting statement the product of "custodial interrogation." *See State of Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); *Turner v. State,* 685 S.W.2d 38 (Tex.Cr.App.1985); *Parra v. State,* 743 S.W.2d 281 (Tex.App. 1987, pet. ref'd). In this cause, appellant was not in custody. Nothing in his testimony on the motion to suppress suggests that he thought he was being restrained.

■ Even if appellant had been in custody, his confession was properly admitted. In his testimony, he admitted he was advised of his rights and understood them. He admitted that he did not ask for an attorney during the October 1 interview. His statement contains initialed warnings indicating that he read and understood the warnings. Shane testified that he gave appellant all of the appropriate warnings and that no threats or promises were made. The trial court properly found that appellant's confession was freely and voluntarily made following proper warnings given to him by officer Shane. We overrule point of error number one.

## SUSAN SCHROEDER'S TESTIMONY

Susan Schroeder, the child's mother and appellant's former spouse, testified at trial. She and appellant were married November 21, 1979. The child was born February 7, 1983. She and appellant divorced January 29, 1985, but resumed living together March 1985. They separated again sometime after February 1986. She now lives with her parents. She said that she had been seeking to restrict appellant's visitation rights since January 1987 because she was concerned that his "spankings" were turning into beatings and harming the child. She said the child had returned from visits with bruises. She was also concerned based on reports by the child that he had seen appellant's girlfriend's "boobies" and that she was sleeping with them, that appellant was exposing the child to sexual behavior in an inappropriate way. She was also seeking child support, which she had not sought before.

On September 7, 1987, she found her child and his slightly younger male cousin "playing doctor." The child first denied, then admitted having his pants down. She asked the child if he had ever "played doctor" with his father. He answered, "Daddy put his pee-pee in my mouth. His pee-pee tasted nasty." While telling her this he was bending over from the waist. She called his therapist to find out what to do and was told not to question the child further but to report the incident to the police. She said that the child had been in therapy since August 1987 because of his "bad behavior," and that the therapist said the child was "working out" a lot of anger. The exact date of the incident is not clear. She did not question the child because she did not think he would be able to give her

any meaningful time frame. Appellant's confession places the incident in January or February 1986, based on the place that they were living.

Schroeder's testimony was admitted under the authority of Tex.Code Crim.P.Ann. art. 38.072 (Supp.1989). This section authorizes the admission of hearsay statements of child abuse victims under age 12 if the court finds that the statement is reliable based on the time, content, and circumstances of the statement; i.e., the concept of "indicia of reliability" that has traditionally been applied to create exceptions to the hearsay rule. Appellant objected to Schroeder's testimony on the basis that it was "unreliable." After the State rested, appellant moved for a directed verdict on the basis that the State's evidence was insufficient. He also objected to the State's failure to call the child as part of its case-in-chief as denying his right to confrontation.

■ *Reliability of Schroeder's testimony.* Appellant objected to Ms. Schroeder's testimony as unreliable on the theory that her visitation dispute with appellant provided a motive for lying, and that she was upset because appellant had a new girlfriend. First, the reliability specifically referred to in art. 38.072 is the reliability of the *declaration*, not the witness. Appellant's concern with Ms. Schroeder has nothing to do with art. 38.072; rather, he does not think she is a *credible* witness because of her motivation to hurt appellant. This concern would apply equally had she not been testifying to hearsay but relating an incident she saw.

The trier of fact is the judge of credibility of witnesses. *Williams v. State,* 692 S.W.2d 671, 676 (Tex.Cr.App.1984). The trier of fact had before it evidence that Schroeder and appellant were having a dispute over visitation; that the child was in therapy; that Schroeder promptly called the child's therapist when she learned of this incident from her son and followed the therapist's instructions on dealing with the situation. Schroeder's testimony about the incident was brief and unadorned. Although the child responded to a question, in the context a single question was not overly suggestive, particularly because a question containing the phrase "playing doctor" would not automatically mean oral sex. Although Schroeder said she was not sure why she asked, that the question just "popped out," the fact that she thought appellant might have been exposing the child to sexual activity would provide a reason, even if one that she could not articulate. The trier of fact had evidence to conclude that Schroeder was not fabricating what the child told her and the judge had evidence to conclude that the child's declaration was sufficiently reliable under art. 38.072.

■ *Confrontation.* Appellant contends that art. 38.072 is unconstitutional because it allowed Schroeder to testify about what the child told her without the State calling the child as part of its case-in-chief, thus denying him his right to confrontation as discussed in *Long v. State,* 742 S.W.2d 302 (Tex.Cr.App.1987). We think appellant's reliance on *Long* is misplaced. The right to confrontation does not preclude exceptions to the rules against hearsay. *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Article 38.072 creates an exception to the hearsay rule, similar to the longstanding hearsay exception for "outcry" in rape cases. *See Campos v. State,* 172 Tex.Crim. 179, 356 S.W.2d 317 (1962); *Sentell v. State,* 34 Tex.Crim. 260, 30 S.W. 226 (1895); 1A Ray, *Texas Law of Evidence,* §§ 927–928 (3rd ed. 1980 & Supp.1986). We do not read *Long* as abolishing exceptions to the rules against hearsay. We overrule the point of error and affirm the judgment of conviction.

Affirmed.