IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-297-CR





THE STATE OF TEXAS,



 APPELLANT


vs.





KENNETH RUMFIELD,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY,



NO. 21,252, HONORABLE ROBERT E. RAESZ, JR., JUDGE PRESIDING



 





 The State appeals from an order granting in part a motion to suppress evidence. 
See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Supp. 1991). The State contends that the trial
court erred in suppressing certain oral statements made by the appellee to peace officers which
form the basis for the offense of which appellee is accused; that the trial court erred in basing its
holding on the fact that appellee had been arrested by virtue of a warrant and that he had not been
"magistrated" at the time the statements were made.

 Appellee is charged by complaint and information with making a false report of a
burglary to a police officer. See Tex. Penal Code Ann. § 37.08(a)(1) (1989). Appellee filed a
pretrial motion to suppress (1) all oral or written statements given by him, whether in custody or
not, "without the State first showing that the statements, if any, are admissible in accordance with
the privilege against self-incrimination" as provided in the federal and state constitutions and the
statutory law as well as applicable caselaw, and (2) all evidence seized at appellee's residence by
the execution of a search warrant.

 At the conclusion of an evidentiary hearing on the suppression motion, the trial
court overruled the motion with regard to the items seized at appellee's residence by virtue of a
search warrant, but granted the motion as to all oral and written statements given to the peace
officers by the appellee. The written order also prohibited the State from using such statements
at trial. It is from this order that the State appeals.

 The burden of proof at a suppression hearing is on the movant. In the instant
hearing there were only two witnesses. Appellee called deputy sheriffs Fred Pecenka and James
Burnett and introduced the combination search and arrest warrant and its supporting affidavit. 
It appears that on November 20, 1989, a burglary of the home of Robert Blocker was reported
to the sheriff's office in Bastrop County. Pistols, shotguns and other items were taken. 
Footprints were found leading to a mobile trailer home apparently determined to be under the
control of a Kenny Rumfield "and persons unknown." A neighbor reported seeing a juvenile, 14
or 15 years old, "appearing Spanish," leaving the Blocker house about the time of the burglary
carrying a gun and a knapsack. Deputy sheriff Burnett secured a combination search and arrest
warrant that authorized the search of the mobile home and authorized the arrest "of each person
described and accused in the affidavit." The only person described in the affidavit was a Kenny
Rumfield, a juvenile, "14 or 15 years old, appearing spanish [sic]."

 In the early afternoon of November 21, 1989, deputy sheriffs executed the search
warrant at the mobile home. No one was home at the time. A number of items taken in the
Blocker burglary were seized. One or more officers kept the mobile home under surveillance
until about 7:15 p.m., waiting for the owners to return. When they did not, the surveillance was
abandoned. 

 About 8:30 p.m., it appears that the appellee reported a burglary at his home to the
sheriff's office. Deputies Pecenka and Burnett responded and returned to the mobile home, where
they, with other officers, had earlier executed the search warrant. They were met by Kenneth
Rumfield, the appellee, a non-Hispanic, who appeared to be approximately 40 years of age. 
Appellee reported a burglary of his home. The officers noticed that some of the windows had
been broken from inside the dwelling. The inside of the house was in disarray. This was not the
condition of the house when the officers had been there earlier. Appellee told the officers, that
among other things, a V.C.R., a Nintendo game, a silver dollar and coin set and a color television
set which was in his son's bedroom had been taken. The officers tried to make notes of what
appellee was saying as he led them through the different rooms from which he claimed items were
taken. The deputies related that appellee was not in custody or under restraint while making his
statements.

 Deputy Pecenka knew that there had not been a color television set in the son's
room or in the house that afternoon, and that appellee was making a false report to him and
Burnett. Pecenka, determining there was probable cause, then made a warrantless arrest for that
offense and warned appellee of his rights. The officers admitted that subsequent to the warrantless
arrest appellee made some statement about a rifle with a burned-off stock taken in the Blocker
burglary and a bobcat skin which had been taken in an earlier burglary. The officers did not
testify that at any time they arrested the appellee by virtue of the arrest warrant. The return on
the combination search-arrest warrant does not indicate any arrest of the appellee or any other
person. (1)

 At the hearing, the State agreed that any oral statements made by appellee after his
warrantless arrest for making a false report were not admissible, but urged that the earlier
statements were not made under arrest nor did they result from custodial interrogation. The State
argued to the trial court that the officers had responded to appellee's own report of a burglary and
were met by a 40-year-old man who did not meet the description of the suspect in the warrant;
and that they were invited into the house and led from room to room while the statements were
volunteered by the appellee.

 The trial court held that deputies Pecenka and Burnett had been to the location
earlier in the day, that they had the arrest warrant or knew of its existence at the time of their
arrival at appellee's house, and that appellee "should have been magistrated at that point, and
failing that magistration having taken place, the statements from that point are inadmissible and
will be suppressed."

 At a hearing on a motion to suppress evidence, the trial court is the trier of fact,
the judge of the credibility of the witnesses and the weight to be given to their testimony. It may
choose to believe or disbelieve any or all of a witness's testimony. Meek v. State, 790 S.W.2d
618, 620 (Tex. Crim. App. 1990); Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App.
1980); Walker v. State, 588 S.W.2d 920, 924 (Tex. Crim. App. 1979); Draper v. State, 539
S.W.2d 61, 62 (Tex. Crim. App. 1976). Appellate challenges to a trial court's determination of
fact or application of law should be directed to whether the trial court abused its discretion. Pyles
v. State, 755 S.W.2d 98, 111 (Tex. Crim. App. 1988), cert. denied, 109 S. Ct. 543 (1988);
McCoy v. State, 713 S.W.2d 940 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987). 
Reversal will not follow unless there is an abuse of discretion. See Dancy v. State, 728 S.W.2d
772, 778 (Tex. Crim. App. 1987), cert. denied, 484 U.S. 975 (1987).

 Both parties complain of a dearth of controlling caselaw, given the instant ruling
by the trial court. We found no authority that an arrest is effected by the mere fact that officers
have an arrest warrant in their possession, or know of its existence, at the time they encounter a
person that may be named in the warrant, and that any statement made by the person thereafter
and before he is "magistrated" is inadmissible regardless of the circumstances.

 In the instant case, Officers Pecenka and Burnett went to the location in question
in response to appellee's report of a burglary on his premises. They had a search-arrest warrant
or knew of its existence. When they encountered the appellee, he did not meet the physical
description of the suspect named in the warrant. At what point they may have learned his name
is not revealed by the record. The officers did not announce upon their arrival at appellee's home
that he was under arrest by virtue of the warrant. See Tex. Code Crim. Proc. Ann. art. 15.26
(1977). Further, the officers did not, at that time, "actually" place the appellee under restraint
or take him into custody so as to constitute an arrest. See Tex. Code Crim. Proc. Ann. art. 15.22
(1977). An arrest is complete when one's liberty of movement is restricted or restrained. 
Brewster v. State, 606 S.W.2d 325, 327 n.6 (Tex. Crim. App. 1980). The deprivation of freedom
required for "custody" to exist is "the restraint in the freedom of movement of the degree
associated with a formal arrest." Minnesota v. Murphay, 465 U.S. 420, 104 S. Ct. 1136, 1144,
79 L. Ed. 2d 409, 421 (1984). Even if a police officer makes a statement to an accused that he
is under arrest, that announcement alone is not enough to complete the arrest; custody and control
must be assumed over the accused. Burkhalter v. State, 642 S.W.2d 231, 233 (Tex. App. 1982,
no pet.).

 For Fourth Amendment purposes, a person is "seized" only if in view of all the
circumstances surrounding the incident, a reasonable person would have believed that he was not
free to leave. United States v. Mendenhall, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877, 64 L. Ed.
2d 497, 509 (1980); see also Florida v. Royer, 460 U.S. 491, 103 S. Ct. 1319, 75 L. Ed. 2d 229
(1983).



Two features of the Mendenhall-Royer definition of a Fourth Amendment seizure
deserve emphasis here. For one thing, the question is not (contrary to considerable
earlier authority) whether the officer intended to seize the person. And thus in
Royer Justice Stewart concluded that "the subjective intention of the DEA agent *
* * to detain the respondent, had she attempted to leave, is irrelevant except insofar
as that may have been conveyed to the respondent." Secondly, the question is not
how the particular suspect subjectively perceived the situation, for the test is stated
in objective "reasonable man" terms.



2 Wayne LaFave, Search and Seizure A Treatise on Fourth Amendment, § 5.1(a) at 388 (2d Ed.
1987).

 The Court of Criminal Appeals has sometimes considered multiple factors in
determining whether "custody" exists. Meek v. State, 790 S.W.2d 618, 621 (Tex. Crim. App.
1990).



One approach merges the ideas of "focus" with the idea of "whether a reasonable
person would believe his freedom was deprived in a significant way." Shiflet v.
State, 732 S.W.2d 622, 624 (Tex. Cr. App. 1985). Another approach cites four
factors as relevant to the inquiry: probable cause to arrest, subjective intent of the
police, focus of the investigation, and subjective belief of the defendant. 
[Authorities cited omitted.]



Meeks, 790 S.W.2d at 621; see also Melton v. State, 790 S.W.2d 322, 325 (Tex. Crim. App.
1990).

 Regardless of the approach utilized, we conclude that, given the particular
circumstances, appellee was not arrested, taken into custody, or deprived of his freedom of
movement by virtue of the warrant in question, from the time of the officers' arrival at appellee's
home until his warrantless arrest for another offense. Moreover, it is doubtful that the trial court
meant that the appellant had to be taken by the officers before a magistrate designated by law
(Tex. Code Crim. Proc. Ann. art. 2.09 (Supp. 1991)), and warned of his rights (Tex. Code Crim.
Proc. Ann. arts. 14.06, 1507 (Supp. 1991)), before any of his oral statements would be
admissible, regardless of the circumstances under which they were made. (2) Generally, the failure
to comply with articles 14.06 and 15.17 does not automatically invalidate a confession, absent a
showing of a causal connection between the statement or statements and the failure to promptly
take the accused before a magistrate. See, e.g., Williams v. State, 692 S.W.2d 671, 675-76 (Tex.
Crim. App. 1984). 

 Most importantly, even if it can be said that appellee was under arrest by virtue of
the warrant, it must be remembered that oral statements which are voluntary and not the product
of custodial interrogation are admissible at trial. Sanchez v. State, 589 S.W.2d 422, 423 (Tex.
Crim. App. 1979). "Custodial interrogation" is questioning initiated by law enforcement officers
after a person has been taken into custody or otherwise deprived of his freedom in any significant
way. Cannon v. State, 691 S.W.2d 664, 671 (Tex. Crim. App. 1985), cert. denied, 474 U.S.
1110 (1986). The requirements of Miranda v. Arizona, 384 U.S. 436 (1966) and Tex. Code
Crim. Proc. Ann. art. 38.22 (1979), apply only to statements made as the result of custodial
interrogation. Holland v. State, 770 S.W.2d 56, 58 (Tex. App. 1989), aff'd, 802 S.W.2d 696
(Tex. Crim. App. 1991). Thus, a non-custodial, voluntary oral statement is admissible at trial. 
Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (1979); Sewell v. State, 797 S.W.2d 376, 378 (Tex.
App. 1990, no pet.).

 Appellee had reported the burglary of his own home. When the officers arrived
in response to his report, he took the officers on a tour of his house, pointing out damage that had
been inflicted, and listing items that had been stolen. It was during this time that he made the oral
statements which form the basis for the prosecution of making a false report to a peace officer. 
These were voluntary statements made of the appellee's free will. They were not made as a result
of custodial interrogation. Even if the appellant was in custody, the statements were admissible
as they did not stem from custodial interrogation. See East v. State, 702 S.W.2d 606, 614 (Tex.
Crim. App. 1985), cert. denied, 474 U.S. 1000 (1985); Chambliss v. State, 647 S.W.2d 257,
262 (Tex. Crim. App. 1982). The trial court abused its discretion in suppressing appellee's oral
statements from the time of the officers' arrival until his warrantless arrest. The State agrees,
however, that the statements made after the warrantless arrest should have been suppressed.

 The order granting the motion to suppress evidence is reformed so that it applies
only to appellee's statements made after his warrantless arrest for making a false report. As
reformed, the motion to suppress evidence is affirmed.



 John F. Onion, Jr., Justice

[Before Justices Jones, B. A. Smith and Onion*]

Reformed and, as Reformed, Affirmed

Filed: October 30, 1991

[Do Not Publish]






* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003 (1988).
1.   The record reflects that appellee's son, Jesse, was alone charged with the Blocker
burglary. 
2.   Instead of "magistrated," the trial court may have meant "mirandized." Care must
be taken in the use of newly minted words creeping into and struggling to find acceptance
in traditional legal language and usage.