saenz v. state 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00063-CR







Armando Mauro Saenz, III, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,201, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING








 Appellant, Armando Mauro Saenz, appeals his conviction for the capital murder of Alfern
Albert Guana. See Tex. Penal Code Ann. § 19.03 (West 1994). A jury found him guilty and assessed
punishment at life imprisonment.

 Appellant advances three points of error. First, appellant contends that the evidence
presented could not support his conviction absent a jury charge on the law of parties and that the instruction
given was improper because the indictment did not allege appellant acted as a party to the murder. 
Second, appellant argues that the judge erred in admitting his confession in evidence. Third, appellant
asserts that the judge erred by admitting in evidence hearsay statements of a co-conspirator. We will affirm
the trial court's judgment.



BACKGROUND


 Appellant, Louis Espinosa, Ernest Clay White, and a group of their acquaintances met on
November 17, 1994 at Meadow Village Apartments in Temple to "party" and sell drugs. Appellant and
Espinosa were angry with Guana and had openly expressed their intentions to beat-up and rob Guana. 
Shortly after Guana arrived at the party, Espinosa, White, and appellant hit and kicked Guana and then
duct-taped his mouth and hands. Appellant and Espinosa put Guana in the trunk of a car, and then, along
with White, drove to an empty field in Temple. Espinosa brought a gun. After taking Guana out of the
trunk, appellant and Espinosa took Guana into the field where Espinosa shot him two times in the head. 
Authorities found Guana's body the next day. Guana's wallet, beeper, and car keys were missing from his
person, and his CD player was missing from his car.

 Appellant fled with Espinosa to San Antonio after Guana's murder. After learning
appellant's whereabouts, a Temple police detective and a Texas Ranger went to San Antonio and found
appellant at a friend's house. Appellant voluntarily went to the Texas Ranger office in San Antonio where
he gave two written statements to law enforcement authorities, one to a police detective and another to a
Texas Ranger. Appellant's interviews and confessions took more than twelve hours, but appellant was told
that he was free to leave at any time. Before appellant gave each confession, the officer taking his
statement advised him that he had a right to an attorney, that his statement could be used against him, and
that he could terminate his interview at any time. Appellant asked the police detective, "Do I need an
attorney?" and the detective responded that it was appellant's decision. After appellant finished his second
statement, the police officer told him that the department was pursuing a warrant for his arrest and that he
was free to leave or wait until a warrant was obtained. Appellant chose to wait.

 Appellant was indicted for capital murder--intentional murder committed in the course of
attempting and committing robbery and/or kidnapping. See Tex. Penal Code Ann. § 19.03. The judge
allowed the testimony of several State witnesses, including White, and admitted appellant's confessions in
evidence over his objection. The judge also overruled appellant's objection to an instruction on the law of
parties in the jury charge.



Insufficient Evidence

 In his first point of error, appellant complains that there was insufficient evidence to find him
guilty of the offense charged because the proof showed he acted only as a party to the offense. Appellant
argues that because the indictment did not allege he acted as a party, he could not be found guilty under
this theory. If the record contains evidence to support a charge on the law of parties, however, the court
may charge on the law of parties and the verdict will support a capital murder conviction even though the
indictment does not allege that the defendant acted as a party to the offense. Tucker v. State, 771 S.W.2d
523, 529 (Tex. Crim. App. 1988); English v. State, 592 S.W.2d 949, 955 (Tex. Crim. App. 1980); Pitts
v. State, 569 S.W.2d 898, 900 (Tex. Crim. App. 1978). See Tex. Penal Code Ann. § 7.01 (West 1994). 
The record contains sufficient evidence to support appellant's conviction under the law of parties, and
appellant does not argue to the contrary. We overrule point of error one.



Appellant's Confession

 Appellant next complains that his separate confessions to a police detective and a Texas
Ranger should not have been admitted in evidence. In his discussion of the point, he merely recites the facts
surrounding his confession. He fails, however, to state any reason or argument why admitting his confession
was error, and he cites no authority in support of his contention. Instead, appellant makes only a general
statement that the Fifth Amendment and the "the Miranda Ruling" establish his right "to participate and
understand his rights when talking with the police." See U.S. Const. amend. V; Miranda v. Arizona, 382
U.S. 436 (1966). Appellant does not challenge the lawfulness of the proceedings, suggest that he did not
understand the significance of his statements, or suggest that the confessions were involuntary or coerced. 
The entirety of his argument is, "It must be assumed that the criminal defendant hears his rights warning but
rarely understands the magnitude of the event."

 We are not required to review errors which are inadequately briefed. See Tex. R. App.
P. 74(f); Johnson v. State, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992) (holding that appellant must
proffer an argument to explain how a state action is unconstitutional). We overrule point of error two.

 Even if appellant's discussion regarding his question, "Do I need an attorney?" can be
construed as a request for counsel, Fifth Amendment requirements apply only to statements resulting from
custodial interrogation. Oregon v. Mathiason, 429 U.S. 492, 494 (1977). A statement made at a police
station in response to questioning does not automatically make it the product of "custodial interrogation." 
Id. at 495; Turner v. State, 685 S.W.2d 38, 42 (Tex. Crim. App. 1985); Holland v. State, 770 S.W.2d
56, 58 (Tex. App.--Austin 1989), rev'd on other grounds, 802 S.W.2d 696 (Tex. Crim. App. 1991). 
"Custodial interrogation" is questioning initiated by law enforcement officials after a person has been taken
into custody or otherwise deprived of his freedom in any significant way. Cannon v. State, 691 S.W.2d
664, 671 (Tex. Crim. App. 1985), cert. denied, 474 U.S. 1110 (1986). Appellant does not assert he was
in custody during his questioning or when he gave his statements.

 Appellant asserts that his interview with law enforcement was "quasi-custodial" because: 
(1) his interview lasted over twelve hours; (2) he had been a fugitive for thirty-plus days before his
interview; and (3) he was subsequently arrested. He cites no authority, and we find none, that states the
requisites of a "quasi-custodial" situation. Appellant was under arrest neither when he went with law
enforcement officers to the Texas Ranger office, nor when he made his statements. He was told that he
was free to leave on several occasions before and after he made his statements. Appellant never expressed
a desire to leave. Questioning initiated by law enforcement officers is not custodial unless appellant was
deprived of freedom in a significant way. Miranda, 384 U.S. at 444. Appellant, however, presented no
evidence that his freedom of movement or freedom to leave was restricted during the period in question,
or that he reasonably believed his freedom was in any way restricted. See Shiflet v. State, 732 S.W.2d
622, 629 (Tex. Crim. App. 1985). Both of the interviewing officers testified that appellant was free to
leave at any time before the warrant was issued.

 Even if appellant had been in custody, his confessions were not received in violation of
either the Fifth Amendment or the Miranda ruling. Appellant signed each statement agreeing that he knew
that he had the right to remain silent, that his statement could be used against him at trial, and that he had
a right to employ a lawyer or have a lawyer appointed for him. While appellant may have asked, "Do I
need a lawyer?" the mere mention of the word "attorney" or "lawyer" without more does not automatically
invoke the right to counsel. Dinkins v. State, 894 S.W.2d 330, 351 (Tex. Crim. App. 1995). The
request must be objectively clear and unambiguous. Id. The Texas Court of Criminal Appeals requires,
"at a minimum, that a suspect express a definite desire to speak to someone, and that person be an
attorney." Id. at 352. A defendant's inquiry into an officer's opinion as to the necessity of counsel being
present during interrogation cannot be viewed as a clear invocation of his right to counsel "because his
question asking another's opinion does not indicate his own assertion of his right." Russell v. State, 727
S.W.2d 573, 576 (Tex. Crim. App. 1987). Neither officer did anything to discourage or prevent his
requesting counsel.



Hearsay Testimony

 Appellant's final point of error is that the trial court erred in overruling his objection to
White's hearsay statements. The record shows, however, that appellant made no such objection before the
trial court. Appellant only objected during White's testimony to a question that elicited speculation, not
hearsay, from the witness, and appellant's objection was that the question called for speculation. Because
appellant failed to object to any hearsay testimony during the balance of the trial, he waived any claimed
error. See Tex. R. App. P. 52(a); Meuth v. Hartgrave, 811 S.W.2d 626, 629 (Tex. App.--Austin 1990,
no writ). Furthermore, this point of error is inadequately briefed because the testimony appellant refers us
to is not hearsay, but only White's description of events leading up to and including Guana's beating. See
Tex. R. App. P. 74(f). We overrule point of error three.



CONCLUSION


 Having overruled appellant's points of error, we affirm the trial court's judgment of
conviction.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: October 30, 1996

Do Not Publish



hiason, 429 U.S. 492, 494 (1977). A statement made at a police
station in response to questioning does not automatically make it the product of "custodial interrogation." 
Id. at 495; Turner v. State, 685 S.W.2d 38, 42 (Tex. Crim. App. 1985); Holland v. State, 770 S.W.2d
56, 58 (Tex. App.--Austin 1989), rev'd on other grounds, 802 S.W.2d 696 (Tex. Crim. App. 1991). 
"Custodial interrogation" is questioning initiated by law enforcement officials after a person has been taken
into custody or otherwise deprived of his freedom in any significant way. Cannon v. State, 691 S.W.2d
664, 671 (Tex. Crim. App. 1985), cert. denied, 474 U.S. 1110 (1986). Appellant does not assert he was
in custody during his questioning or when he gave his statements.

 Appellant asserts that his interview with law enforcement was "quasi-custodial" because: 
(1) his interview lasted over twelve hours; (2) he had been a fugitive for thirty-plus days before his
interview; and (3) he was subsequently arrested. He cites no authority, and we find none, that states the
requisites of a "quasi-custodial" situation. Appellant was under arrest neither when he went with law
enforcement officers to the Texas Ranger office, nor when he made his statements. He was told that he
was free to leave on several occasions before and after he made his statements. Appellant never expressed
a desire to leave. Questioning initiated by law enforcement officers is not custodial unless appellant was
deprived of freedom in a significant way. Miranda, 384 U.S. at 444. Appellant, however, presented no
evidence that his freedom of movement or freedom to leave was restricted during the period in question,
or that he reasonably believed his freedom was in any way restricted. See Shiflet v. State, 732 S.W.2d
622, 629 (Tex. Crim. App. 1985). Both of the interviewing officers testified that appellant was free to
leave at any time before the warrant was issued.

 Even if appellant had been in custody