COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH 
NO. 
2-03-423-CR     
DAVID 
DURAN                                                                      APPELLANT 
V.  
THE STATE OF 
TEXAS                                                                  STATE  
  
------------ 
FROM THE 211TH DISTRICT COURT OF DENTON 
COUNTY 
------------ 
OPINION 
------------
INTRODUCTION
        Appellant 
was indicted for aggravated sexual assault and pleaded not guilty. Appellant was 
found guilty by a jury, which assessed punishment at confinement for life and a 
$10,000 fine. In four issues, Appellant argues that the trial court erred in 
finding that the outcry statement was reliable, in denying Appellant’s request 
for a limiting instruction prior to complainant’s mother testifying and in the 
jury charge regarding the complainant’s outcry statement, and in allowing a 
clinical psychologist to testify about facts learned from Appellant at a time 
when she was not licensed in Texas. We affirm.
FACTUAL AND PROCEDURAL 
BACKGROUND
        Because 
Appellant does not challenge the factual or legal sufficiency of the evidence, a 
brief recitation of the facts will suffice. Appellant was indicted for sexually 
assaulting his cousin, C.D., who was ten years old at the time. C.D.’s mother, 
Melissa, was established as the outcry witness because she was the first person 
C.D. told about the sexual assault. Melissa testified that Appellant is her 
husband’s nephew. Melissa stated that Appellant came to stay at their house for 
a weekend around June 1st of 2002. She stated that after Appellant left, C.D. 
began having emotional and behavioral problems. Melissa testified that around 
January 12th of 2003, C.D. told her she wanted to talk about the problems she 
had been having. Melissa stated that during this conversation C.D. told her that 
Appellant had raped her during the weekend that he stayed at their 
house.
        C.D. 
testified at trial that on one of the mornings of the weekend Appellant stayed 
at their house, she went downstairs to watch cartoons. Although C.D. could not 
specifically remember if this occurred on Sunday morning, Melissa testified that 
it did occur on Sunday morning. C.D. stated that Appellant was asleep on the 
couch and when she turned on the television he woke up. C.D. testified that 
Appellant said something to her that scared her; however, she could not remember 
what. She said that she got up and tried to run upstairs, but Appellant grabbed 
her by her ankles and took her into the downstairs bathroom and locked the door. 
She testified that Appellant laid her down on the bathroom floor, pulled her 
pants down, and “stuck his private in me.” She said that he then picked her up 
and put her over the bathroom sink and “tried to from behind.” She also stated 
that during this time he was covering her mouth. She testified that “[i]t hurt a 
lot” and she was crying. She further stated that she “felt some wet stuff” and 
he pulled up his pants, warned her not to tell anyone, and 
left.
        At 
the conclusion of trial, the jury found Appellant guilty of aggravated sexual 
assault and assessed his punishment at confinement for life and a $10,000 
fine.
OUTCRY 
STATEMENT
        The 
trial court conducted a hearing outside the presence of the jury to consider the 
admissibility of the outcry statement according to Texas Code of Criminal 
Procedure article 38.072. See Tex. 
Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2004-05). C.D.’s mother 
testified at the hearing regarding the statements that she provided to law 
enforcement after C.D. told her she had been raped. At the close of C.D.’s 
mother’s testimony, the court instructed Appellant’s counsel to make any 
objections that he had. Firstly, Appellant’s counsel requested that the trial 
court make a finding that the outcry statement was not an excited utterance. 
Secondly, Appellant’s counsel requested a limiting instruction to the jury 
regarding “any details of the statement made by the child to the mother.” 
Finally, Appellant’s counsel requested a jury instruction that Appellant could 
not be convicted by the outcry statement alone. The trial court overruled 
Appellant’s counsel’s objections, but informed him that he could make his 
request for a limiting instruction when the jury charge was prepared. The trial 
court ruled that the outcry statement was reliable based upon the time, content, 
and circumstances of the statement.
        In 
his first point, Appellant argues that the trial court erred in finding that the 
statement made by C.D. to her mother was reliable based upon the time, content, 
and circumstances of the statement. Appellant specifically argues, “In the long 
run, the daughter’s statement to her mother may have been reliable. However, the 
mother’s ability to recount that statement is not reliable and she should not 
have been allowed to testify before the jury in regard to that statement.” 
Consequently, it appears Appellant is attempting to challenge the reliability of 
the outcry statement by challenging the reliability of the mother in recounting 
the statement.[1]  The State argues 
that Appellant has waived this point because his objection at trial differs from 
the complaint he raises on appeal. We agree.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Further, 
the trial court must have ruled on the request, objection, or motion, either 
expressly or implicitly, or the complaining party must have objected to the 
trial court’s refusal to rule. Tex. R. 
App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. 
Crim. App. 2004). Preservation of error is a systemic requirement that this 
court should review on its own motion. Martinez v. State, 22 S.W.3d 504, 
507 n.7 (Tex. Crim. App. 2000); Hughes v. State, 878 S.W.2d 142, 151 
(Tex. Crim. App. 1993) (op. on reh’g), cert. denied, 511 U.S. 1152 
(1994). The complaint made on appeal must comport with the complaint made in the 
trial court, or the error is forfeited. Heidelberg v. State, 144 S.W.3d 
535, 537 (Tex. Crim. App. 2004); Rezac v. State, 782 S.W.2d 869, 870 
(Tex. Crim. App. 1990).
        Appellant’s 
counsel did not object to the outcry statement or to the mother testifying to 
that statement on the basis of reliability. As pointed out, he only requested 
that the trial court “make a finding that this is not an excited utterance.” 
Therefore, Appellant cannot now bring a complaint that the outcry statement was 
unreliable, as he has failed to preserve error. Accordingly, we overrule 
Appellant’s first point.
LIMITING 
INSTRUCTION
        In 
points two and three, Appellant argues that the trial court erred in denying his 
request for a limiting instruction both prior to C.D.’s mother’s testimony and 
in the jury charge in regard to the outcry statement. Appellant contends that 
“[t]he mother’s statement was so unreliable that the [A]ppellant was entitled to 
a limiting instruction to ‘limit the jury’s consideration of the outcry to show 
the outcry was made and the basic nature of the complaint.’” Although somewhat 
unclear, Appellant’s argument seems to be that because C.D.’s mother could not 
reliably recount the statement, the statutory requirements of article 38.072 
were not met and therefore the mother’s testimony of the outcry statement could 
not be admitted for the truth of the matter asserted. However, as we held above, 
Appellant failed to preserve any potential error regarding the reliability of 
the outcry statement. Furthermore, in requesting a limiting instruction, 
Appellant’s counsel stated, “What I believe is admissible is that the statement 
was made, and unless it’s an excited utterance, the details of the alleged 
offense are not admissible, and I object to that.” Thus, the record shows that 
Appellant’s counsel incorrectly believed that unless the statement was an 
excited utterance, the details of the offense in the statement were 
inadmissible.
        Article 
38.072 of the Texas Code of Criminal Procedure applies in a criminal proceeding 
for an assaultive offense committed against a child twelve years old or younger 
and provides in relevant part:
 Sec. 2. 
(a) This article applies only to statements that describe the alleged offense 
that:
(1) were 
made by the child against whom the offense was allegedly committed; 
and
(2) were 
made to the first person, 18 years of age or older, other than the defendant, to 
whom the child made a statement about the offense.
(b) A 
statement that meets the requirements of Subsection (a) of this article is not 
inadmissible because of the hearsay rule if:
(1) on or 
before the 14th day before the date the proceeding begins, the party intending 
to offer the statement:
(A) 
notifies the adverse party of its intention to do so;
(B) 
provides the adverse party with the name of the witness through whom it intends 
to offer the statement; and
(C) 
provides the adverse party with a written summary of the statement;
(2) the 
trial court finds, in a hearing conducted outside the presence of the jury, that 
the statement is reliable based on the time, content, and circumstances of the 
statement; and 
(3) the child testifies or is available to testify at 
the proceeding in court or in any other manner provided by 
law.    
Tex. Code Crim. 
Proc. Ann. art. 38.072.
        The 
record shows that the State complied with article 38.072 by providing 
Appellant’s counsel in July of 2003 with the name of the outcry witness and a 
written summary of the statement. Additionally, the trial court conducted a 
hearing outside the presence of the jury and made a finding that the outcry 
statement was reliable, and C.D. did testify at trial. Therefore, the 
requirements of article 38.072 were satisfied.
        Under 
article 38.072, both by the terms of the statute and by the legislative history, 
outcry testimony admitted in compliance with article 38.072 is admitted as an 
exception to the hearsay rule, meaning it is considered substantive evidence, 
admissible for the truth of the matter asserted in the testimony. Rodriguez 
v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991); Carty v. State, 
No. 01-03-01266-CR, 01-03-01267-CR, 2004 WL 2538297, at *3 (Tex. App.—Houston 
[1st Dist.] Nov. 10, 2004, no pet.). A court’s decision that the outcry 
statement is reliable and admissible under article 38.072 will not be disturbed 
absent a clear abuse of discretion. Garcia v. State, 792 S.W.2d 88, 92 
(Tex. Crim. App. 1990); Carty, 2004 WL 2538297, at *5.
        As 
the statutory requirements were properly complied with and the issue of the 
reliability of the statement has not been preserved, the trial court did not 
abuse its discretion in admitting the outcry statement under article 38.072. 
Because the statement was properly admitted under article 38.072, it was 
admissible as substantive evidence. Accordingly, Appellant was not entitled to a 
limiting instruction. See Fetterolf v. State, 782 S.W.2d 927, 931 (Tex. 
App.—Houston [14th Dist.] 1989, pet. ref’d) (holding that appellant’s request 
for a limiting instruction was inapplicable when outcry statement was properly 
admitted into evidence under article 38.072). Thus, we overrule Appellant’s 
second and third points.
EXPERT 
WITNESS
        In 
his fourth point, Appellant argues that the trial court erred in allowing 
State’s witness Pamela Kirby, a licensed clinical psychologist at the time of 
trial, to testify during the punishment phase about facts she learned from 
Appellant during counseling sessions at a time that she was not licensed in 
Texas.
        Kirby 
testified that she graduated from the doctoral psychology program at Biola 
University in 1995. She then completed an internship at Napa State Hospital 
where she worked with “patients who were not guilty by reason of insanity for 
various crimes.” Kirby stated she moved to Amarillo where she worked with sex 
offenders and this was when she first began counseling Appellant. Kirby 
testified that she was “licensed professionally” after passing a written exam in 
April 1998 and became fully licensed after passing an oral exam in the summer of 
1998.
        Kirby 
testified that she worked with Appellant in a group therapy program from 
September 1997 through January 1998. She then worked with him in individual 
therapy from February 1998 through July 1998. Kirby testified generally about 
her counseling with Appellant and gave her opinion of Appellant after counseling 
him. Appellant objected to Kirby testifying regarding her counseling with 
Appellant “during the period of time she was not licensed in the State of 
Texas.”
        The 
qualifications of a witness to testify as an expert witness are within the trial 
court’s discretion. Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 
2000); Harnett v. State, 38 S.W.3d 650, 657 (Tex. App.—Austin 2000, pet. 
ref’d). A trial court’s decision to permit a witness to testify as an expert 
will not be disturbed on appeal absent a showing of a clear abuse of discretion. 
Wyatt, 23 S.W.3d at 27; Harnett, 38 S.W.3d at 
657.
        Rule 
702 states, “If scientific, technical, or other specialized knowledge will 
assist the trier of fact to understand the evidence or to determine a fact in 
issue, a witness qualified as an expert by knowledge, skill, experience, 
training, or education may testify thereto in the form of an opinion or 
otherwise.” Tex. R. Evid. 702. No 
rigid formula exists for determining whether a particular witness is qualified 
to testify as an expert. Harnett, 38 S.W.3d at 658. The rule itself 
provides that the requisite expertise may be acquired through knowledge, skill, 
experience, training, or education. Id. “It is almost impossible to lay 
down any definite guidelines for determining knowledge, skill or experience 
required in a particular case or of a particular witness.” Id. (quoting 
Rogers v. Gonzales, 654 S.W.2d 509, 513 (Tex. App.—Corpus Christi 1983, 
writ ref'd n.r.e.)). Contrary to Appellant’s contention, licensure, or 
certification in the particular discipline is not a per se requirement. 
Id. at 659; see Gregory v. State, 56 S.W.3d 164, 179-80 
(Tex. App.—Houston [14th Dist.] 2001, pet. dism’d) (stating that a medical 
license or degree is not the litmus test for qualification as an expert 
witness), cert. denied, 538 U.S. 978 (2003); see also Wyatt, 23 
S.W.3d at 27-28 (holding that trial court did not abuse its discretion in 
allowing witness to testify as an expert, even though she was not 
licensed).
        Therefore, 
we hold that based on Pamela Kirby’s education and experience, the trial court 
did not abuse its discretion in allowing her to testify at the punishment phase 
of Appellant’s trial. Thus, Appellant’s fourth point is 
overruled.
CONCLUSION
        Having 
overruled all of Appellant’s points, we affirm the trial court’s 
judgment.
       
                                                          ANNE 
GARDNER
                                                          JUSTICE  
  
PANEL B: DAUPHINOT, HOLMAN, and GARDNER, 
JJ. 
PUBLISH 
DELIVERED: April 14, 2005


 
NOTES
1.  In challenging the mother’s reliability, Appellant’s 
reliance on Texas Code of Criminal Procedure article 38.072 is misplaced. The 
reliability specifically referred to in article 38.072 is the reliability of the 
declaration, not the witness. Holland v. State, 770 S.W.2d 56, 59 (Tex. 
App.—Austin 1989), aff’d, 802 S.W.2d 696 (Tex. Crim. App. 1991); 
see Tex. Code Crim. Proc. 
Ann. art. 38.072.