**Kenneth HOLLAND, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1232–89.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 30, 1991.

Phil Campbell, Austin, for appellant.

Ken Anderson, Dist. Atty., & Paul Womack & Sally Ray, Asst. Dist. Attys., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of aggravated sexual assault upon his four year old son and his punishment was assessed by the jury at 60 years confinement. On appeal he contended, *inter alia*, that Article 38.072, V.A.C.C.P., is unconstitutional inasmuch as it allows admission of an out-of-court declaration by a child complainant without requiring the State to call the child to the stand, thus denying appellant his Sixth Amendment right to confront the witnesses against him.[1] See *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987). The Third Court of Appeals responded:

> "We think appellant's reliance on *Long* is misplaced. The right to confrontation does not preclude exceptions to the rules against hearsay. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Article 38.072 creates an exception to the hearsay rule, similar to the longstanding hearsay exception for "outcry" in rape cases. *See Campos v. State*, [172 Tex.Crim. 179] 356 S.W.2d 317 (Tex.Cr.App.1962); *Sentell v. State*, [34 Tex.Crim. 260] 30 S.W. 226 (Tex.Cr. App.1895); 1A Ray, *Texas Law of Evidence*, §§ 927–928 (3rd ed. 1980 & Supp.

---

1. Article 38.072, supra, authorizes admission into evidence, notwithstanding the rule against hearsay, of the first statement describing an alleged sexual or assaultive offense committed against a child 12 years old or younger, made by the child victim to an adult other than the accused. At least two weeks notice must be given by the proponent of the statement to the adverse party, and a written summary provided. Before the statement may be admitted the trial court must determine outside the jury's presence that it "is reliable based on [its] time, content, and circumstances[.]" Finally, the child must testify or be available to testify at the proceeding in court "or in any other manner provided by law."

1986). We do not read *Long* as abolishing exceptions to the rules against hearsay. We overrule the point of error and affirm the judgment of conviction."

*Holland v. State,* 770 S.W.2d 56, at 59 (Tex.App.—Austin 1989). We granted appellant's petition for discretionary review to examine this holding. Tex.R.App.Pro., Rule 200(c)(1), (2) & (4).

### I.

During appellant's trial a hearing was conducted outside the jury's presence. At the hearing the prosecutor adduced testimony from appellant's former wife, Susan Schroeder, to the effect that on September 7, 1987, she discovered her son, the complainant, "playing doctor" with one of his young cousins. On an impulse she asked the child "if he had ever played doctor before with his dad." Her son responded that he had, and that "Daddy put his pee-pee in his mouth and his pee-pee tasted nasty." At the conclusion of the hearing appellant objected to admission of this testimony from Schroeder on the following basis:

> "[DEFENSE COUNSEL]: Your Honor, I would move under Article 38.07(2) [sic] of the Texas Code of Criminal Procedure, that the statement allegedly made by [the child complainant] to his mother, Susan Schroeder, is unreliable based upon the time and content and the circumstances of the statement, particularly due to the fact that there was a dispute regarding visitation of the child pending between the mother and [appellant]. And I would move that any testimony by Susan Schroeder as to what she was told by her son regarding the accusation that [appellant] has been accused with not be admitted, as being unreliable and hearsay."

The trial court denied the motion, explaining, "I find it to be reliable."[2] Schroeder then testified to the same effect before the jury, *sans* additional objection from appellant. At the conclusion of Schroeder's testimony, the State rested its case-in-chief. At this time appellant made another motion:

> "[DEFENSE COUNSEL]: Your Honor, at this time, before we proceed, the defendant moves for a directed verdict on the grounds that the evidence this far presented by the State is insufficient to establish the guilt of the defendant beyond a reasonable doubt. In particular— and again, we renew our objection to the Court's allowing the testimony of Susan Schroeder on the grounds that it's hearsay as to what her son has told her about this accusation, and it's a violation of the due process clauses of the Texas U.S. Constitution to the State to not be required to bring the complainant into court. It's a violation of due process in that the defendant has a constitutional right to confront the witnesses against him. I don't believe it's any cure to the statute to allow the defense to call the complainant as a witness when the burden is on the State.
>
> Also I believe this has the effect of rendering ineffective legal assistance of counsel, legal counsel for the defendant, in that the complainant is not here in the courtroom to be cross-examined under oath. And for these reasons we would move the Court for a directed verdict."

The trial court denied this motion as well. Neither the State nor appellant called the child complainant to the witness stand.

### II.

Appellant contended in the court of appeals that Article 38.072, supra, is unconstitutional for reasons similar to those we gave in *Long v. State,* supra, for holding former Article 38.071, V.A.C.C.P., unconsti-

---

**2.** On appeal appellant again argued Schroeder's testimony was not sufficiently reliable to meet the requirement of Article 38.072, § 2(b)(2), supra, because Schroeder's custody dispute with appellant provided a motive to fabricate. The State replied that this had nothing to do with reliability of the *child's* purported statement,

tutional.[3] The court of appeals disagreed, refusing to "read *Long* as abolishing exceptions to the rules against hearsay." 770 S.W.2d at 59. We have also declined to hold that Article 38.072, supra, is unconstitutional, at least on its face, but for reasons quite different than those articulated by the court of appeals in this cause.

The court of appeals appears to have believed that so long as a valid exception to the hearsay rule can be identified, no confrontation issue arises from admission into evidence of a statement of an out-of-court declarant. Because Article 38.072, supra, carves out an exception not unlike our common law exception for "outcry" in ordinary rape cases,[4] it will never operate to deny an accused confrontation. But this analysis is flawed. The United States Supreme Court has acknowledged that it has "more than once found a violation of confrontation values even though the statements in issue were admitted under an arguably recognized hearsay exception." *California v. Green*, 399 U.S. 149, at 155–56, 90 S.Ct. 1930, at 1934, 26 L.Ed.2d 489, at 495 (1970). Where an out-of-court declarant is not present for crossexamination at trial, the right to confrontation would be transgressed unless the State can meet the two part test enunciated in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Identification of a time honored hearsay exception only meets the "reliability" half of the test. The State must also show "necessity."[5] *Long v. State*, supra, at 312. Thus, to the extent it suggested that Article 38.072, supra, will prove constitutional in every application, the court of appeals erred.

In *Buckley v. State*, 786 S.W.2d 357 (Tex.Cr.App.1990), this Court supplied its rationale for holding Article 38.072, supra, is not unconstitutional on its face. We reasoned that inasmuch as Article 38.072, § 2(b)(3), provides as a condition precedent to admission of a child complainant's out-of-court statement that "the child testifies or is available to testify" at trial, and because this can be accomplished without forcing the accused himself to call the child to obtain a full and fair opportunity for crossexamination, it can operate in a constitutional manner in some cases. We have also recognized, however, that in some instances such a statute can in fact operate either to deprive an accused of his constitutional right to confront the out-of-court child declarant, or to compel him to call the child to the stand himself in order to attain that right, in violation of due process and due course of law. *Long v. State*, supra. In this event the statute would be unconstitutional in application. But in order to preserve this kind of claim for appeal, an accused must lodge a proper and timely objection at trial. *Briggs v. State*, 789 S.W.2d 918 (Tex.Cr.App.1990); see also *Ex parte Crispen*, 777 S.W.2d 103 (Tex.Cr.App.1989).

■ When the State proffers an out-of-court statement of a child witness pursuant to Article 38.072, supra, it is incumbent upon the accused to object on the basis of confrontation and/or due process and due

---

which is what the statute refers to. The court of appeals essentially agreed. 770 S.W.2d at 59.

3. Article 38.071, supra, has since been substantially amended. See Acts 1987, 70th Leg., 2nd C.S., ch. 55, § 1, eff. Oct. 20, 1987.

4. Of course, the rule of the caselaw that "outcry" is admissible is not an exception to the hearsay rule at all. For, properly understood, "outcry" or "recent complaint" evidence is not considered hearsay in the first place. Only the bare fact that the "outcry" occurred is admissible under this rule; the content of the "outcry" is not. The fact of "outcry" serves as proof of a circumstance a jury might expect to find if an alleged victim had actually been subjected to a forcible sexual assault. See *Lawson v. The State*, 17 Tex.App. 292, at 302–03 (1884). Con-

tent of an "outcry" statement may be deemed admissible under other, traditionally recognized exceptions to the hearsay rule, such as spontaneous or excited utterance, or prior consistent statement for purposes of rebutting impeachment. See 1A Ray, Texas Practice: Law of Evidence § 927 (3rd ed. 1980); Tex.R.Cr.Evid., Rule 803(1) & (2) and Rule 801(e)(1). But hearsay has never been admissible in Texas under the rubric of "outcry" *per se*—that is, until Article 38.072, supra, was promulgated.

5. There is at least one exception to the latter requirement, but it is not pertinent here. See *United States v. Inadi*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986).

course of law. At that point the State can respond by following either one of two courses. First the State can announce its intention to call the child declarant to the stand to allow confrontation without the accused having to call the child to the stand himself. See *Buckley v. State*, supra, at 360–61; *Briggs v. State*, supra, at 922. Alternatively the State can make a showing both that 1) the out-of-court statement is one that is reliable under the totality of circumstances in which it was made, *Idaho v. Wright*, — U.S. —, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), which Article 38.-072, § 2(b)(2) already requires; and 2) use of the out-of-court statement in lieu of the child's testimony at trial "is necessary to protect the welfare of the particular child witness" in that particular case. *Maryland v. Craig*, — U.S. —, —, 110 S.Ct. 3157, 3169, 111 L.Ed.2d 666, 685 (1990); see also *Buckley v. State*, supra, at 360; *Long v. State*, supra, at 312. If the State follows either of these two courses, the accused's objection on confrontation grounds should be overruled. Otherwise, the confrontation objection is a valid one and should be sustained, irrespective of whether the State has satisfied all of the statutory predicate for admissibility of hearsay under Article 38.072, supra.

### III.

█ In the instant cause the State neither placed the child declarant on the witness stand nor made a particularized showing of necessity in failing to do so. But, as the State pointed out in its brief to the court of appeals, and steadfastly maintains now in its reply brief on petition for discretionary review, appellant raised no timely objection to the child's testimony on the basis of violation of his right to confrontation. Moreover, in his brief on appeal appellant argued only that Article 38.072, supra, was unconstitutional on its face. Thus, argues the State, the question whether specific application of Article 38.072, supra, in appellant's case violated his confrontation right was neither preserved for appeal, raised on appeal, nor addressed in the opinion of the court of appeals. We agree.

At the time the prosecutor proffered the out-of-court statement, appellant objected only that the statutory predicate had not been fully satisfied in that the requisite showing of reliability was deficient; and that absent such showing, the statute could not operate to take the statement out of the pale of the general rule excluding hearsay. See Tex.R.Cr.Evid., Rule 802. In short, appellant lodged a hearsay objection, *not* an objection to a violation of confrontation. The two are neither synonymous nor necessarily coextensive. See *California v. Green*, 399 U.S. at 155–56, 90 S.Ct. at 1933–34, 26 L.Ed.2d at 495. Having ruled that the statutory predicate had been met, and that the hearsay objection was therefore not well taken, the trial court had no notice of any other ground for exclusion. No error on the basis of violation of confrontation was as yet preserved. *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977); Tex.R.App.Pro., Rule 52(a).

Appellant raised no express confrontation objection until after the statement was already admitted before the jury and the State had rested its case-in-chief. By this time the State could hardly "remove the objection or supply other testimony." *Zillender v. State*, supra, at 517. Moreover, even assuming the objection was timely, in couching it in terms of a request for a directed verdict, appellant sought an inappropriate form of relief. Admission of evidence in violation of the confrontation clauses constitutes trial error, which does not call for a directed verdict of acquittal. *Collins v. State*, 602 S.W.2d 537, at 539 (Tex.Cr.App.1980). At most appellant might have been entitled to a jury instruction to disregard the child's statement, or to a mistrial. He requested neither. It would thus appear that appellant waived any claim that admission of the out-of-court statement of the child in this cause violated his right to confrontation. *Briggs v. State*, supra, at 924.

Furthermore, appellant did not argue in his brief on appeal that Article 38.072, supra, was unconstitutional as applied in this cause. Nor, as we read its opinion, did the court of appeals address such a claim. It is therefore not ripe for our review. *Lam-*

*brecht v. State,* 681 S.W.2d 614, at 616 (Tex.Cr.App.1984); *Tallant v. State,* 742 S.W.2d 292, at 294 (Tex.Cr.App.1987). Cf. *Rochelle v. State,* 791 S.W.2d 121 (Tex.Cr. App.1990) (sustaining contention in appellant's reply brief on State's petition for discretionary review that State's argument was not ripe for review by this Court because raised for the first time in the court of appeals on motion for rehearing, and neither addressed nor required to be addressed by that court); *Lee v. State,* 791 S.W.2d 141 (Tex.Cr.App.1990) (State's argument that testimony was inadmissible under Tex.R.Cr.Evid., Rule 606(b), not ripe for review by this Court, but remanded to the court of appeals because properly raised but not yet addressed in that court). In our discretionary review capacity we review "decisions" of the courts of appeals. See Article V, § 5, Texas Constitution; Article 44.45, V.A.C.C.P.; Tex.R.App.Pro., Rule 200(a).

### IV.

■ In summary, although we reject the specific analysis of the court of appeals, we reiterate our own holding in *Buckley v. State,* supra, that Article 38.072, supra, is not unconstitutional on its face. Moreover, we agree with the State that whether Article 38.072, supra, is unconstitutional as applied to this appellant is a question that was neither preserved for appeal, raised on appeal, nor ultimately decided by the court of appeals. We therefore decline to reach it now.

The judgment of the court of appeals is affirmed.

TEAGUE, J., would dismiss appellant's petition for discretionary review as improvidently granted.

MALONEY, J., not participating.