Affirmed and Memorandum Opinion filed March 6, 2003









Affirmed
and Memorandum Opinion filed March 6, 2003.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00426-CR

____________

 

LEON DALE UNDERWOOD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 873,676

 



 

M E M O R A N D U M   O
P I N I O N

Appellant, Leon Underwood, was convicted by a jury of
aggravated robbery.  The trial court
assessed his punishment at 30 years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant appeals on the grounds that the
trial court erred (1) in denying him the right to confront a witness and (2) in
punishing him for prior convictions that were not proven at trial.  We affirm. 


                                                             I. 
Background

On February 16, 2001, Minh Ngoc Tran and Claudine Thanh Phan
were shopping at Northline Mall.  As Tran
was loading his packages into the trunk of his car and he was saying good-bye
to Claudine, a car pulled up behind them. 
Appellant got out of the car, pointed a gun at Tran=s face, and demanded that Tran give
him all of his money.  Tran gave
appellant his wallet, which had $30 or $40 in it, but that was not enough, and
appellant instructed Tran to give him more money or he would shoot him.  Appellant moved the gun closer to Tran=s face and cocked it to show that it
was real.  Claudine gave her purse to
appellant.  Appellant still demanded more
money; however, the driver of the car told appellant, “Let=s go before somebody else comes.”  As the car drove away, Tran memorized the
license plate number, “F11 CPZ.”  Tran
told the police the vehicle involved was a late model, dark-colored Honda
Accord.  

On February 23, 2001, Detective Sheri Anderson separately
showed Tran and Claudine a photo array. 
Each was able to narrow down the identification to the same two photos,
one of which one was appellant.  Tran
told Anderson that appellant=s photo looked old. 
Subsequently, a live line-up was arranged.  Tran and Claudine separately identified
appellant from the line-up with no hesitation. 


On April 5, 2001, Officer D.P. Griffith arrested
appellant.  Griffith had the description
of the vehicle in the report and observed an Accord with the license plates
bearing the same number parked at the location where he arrested
appellant.  








Prior to his arrest, appellant had been connected with the
same Accord.  Appellant=s girlfriend, Belinda Taylor, owned a
1990=s model Accord with the license plate
number “F11 CPZ.”  On February 22, 2001,
Officer Daniel Carter received a dispatch relating to the recovery of a stolen
vehicle.  When Carter arrived, he met Ms.
Taylor and found the call was actually for a disturbance.  Ms. Taylor wanted to retrieve her car from
appellant, but was afraid there would be a commotion.  Carter accompanied Ms. Taylor to the
residence where her car was parked. 
After a discussion, appellant gave Ms. Taylor the keys to the car.  Carter recorded the license plate number of
the car, “F11 CPZ,” in his offense report. 

On March 5, 2001, Officer Darren Chippi saw appellant and Ms.
Taylor in the Accord.  Chippi testified
that while he was on a call, he observed a blue Accord drive by.  Chippi followed the Accord in his patrol car
and found it already pulled over on the side of the street.  Ms. Taylor was driving the car and appellant
was a passenger.  After asking for
identification and finding no warrants on either Ms. Taylor or appellant,
Chippi let them go.  The license plate
number on the car was “F11 CPZ.”  

                                           II. 
Right to Confront Witness

In his first issue, appellant claims the trial court violated
his right to confront Tran concerning the color of the vehicle used in the
commission of the crime.  The Sixth
Amendment to the U.S. Constitution guarantees the accused=s right to confront adverse
witnesses.  Lopez v. State, 18
S.W.3d 220, 222 (Tex. Crim. App. 2000).  “Each
Confrontation Clause issue must be weighed on a case-by-case basis, carefully
taking into account the defendant=s right to cross-examine and the risk
factors associated with the admission of evidence.”  Id. 
The trial court may limit cross-examination when a subject is exhausted,
when the questioning is designed to annoy, harass, or humiliate, or when it
might endanger the witness=s personal safety.  Carroll
v. State, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996).  The right to confrontation is violated,
however, when appropriate cross-examination is limited.  Id. at 497.  








A review of the record reflects that appellant did not raise
this constitutional claim in the trial court and, therefore, has waived this
claim on appeal.  See Jenkins v. State,
912 S.W.2d 793, 815 (Tex. Crim. App. 1993); Holland v. State, 802 S.W.2d
696, 700 (Tex. Crim. App. 1991).  Even if
appellant had not waived this complaint, the trial court did not abuse its
discretion in limiting appellant=s cross-examination of Tran regarding
his description of the car.  Further
review of the record shows the trial court allowed appellant=s attorney to cross-examine Tran
extensively about his description, including the color, of the vehicle:  

Q.  Now, you
testified that the car involved in this particular circumstance was a late
model Honda Accord; is that right?  

A.  Yes.

                                                                   *        *       
*

Q.  And you said
a =90, is that correct? 
=90 Honda Accord?

A.  Around
there.

Q.  . . .
Okay.  So you don=t really know what year model it was, do you?

A.  Well, from
the body.  I know Honda Accord, I drive
one and I=ve B I=ve studied the model, I know range-wise.  

Q.  Okay.  Range-wise it was 10 to 12 year old car;
right?

A.  Yes.

Q.  That=s a late model car?

A.  Yes.

Q.  You remember
what color it was?

Remember what color you told the police it was?

A.  A dark
color.

Q.  A dark
color.  You know Honda Accord, but you
don=t know exactly what color it was, is that it?

A.  Yes.  

Q.  Perfectly
well let, and the sun up, the parking lot well lit, you can=t tell the Jury what color the car was?

A.  I was more
focused on the license plate.

Q.  You saw,
obviously, the license plate was on the front or the rear of the car that you
saw?

A.  The rear.

Q.  Okay.  In fact, there B were
the taillights working that particular day?

A. 
Taillights.  I didn=t focus on that.

                                                                   *        *       
*








Q.  Now, sir,
you don=t know what color the car was; right?

A.  I believe it
was a dark-colored car.

Q.  Well, I
mean, I guess we should B is this a dark-colored table?

A.  Yes.

Q.  Okay.  So you don=t know
if it was red or blue, green, burgundy. 
Really, you don=t know what color it was at all, do you?  

MR. MAYS: 
Objection, Your Honor. 
Repetitious.

THE COURT: 
Sustained.

Q.  (By Mr.
Munier)  You can=t describe the color of the car whatsoever, other than
the fact it was a dark-colored car; right?

MR. MAYS:  Same
objection, Your Honor.

THE
COURT:  Sustained. 

Although Tran could not testify as to the specific color of
the vehicle, he was able to testify positively as to its make, model, and
license plate number.  The evidence
affirmatively linked appellant to the vehicle at issue, and counsel=s repetitive attempts to show
otherwise were properly overruled. 
Appellant was not denied a reasonable opportunity to confront and
cross-examine the witness.  Accordingly,
appellant=s first issue is overruled.  

                                                     III. 
Prior Convictions

In  his second issue,
appellant claims the trial court erred in punishing him for prior convictions
never proven at trial.  Appellant
complains that the State merely entered the judgments and sentences into
evidence without further establishing that they were for the same person as
appellant.  According to appellant,
without any evidence to link him to those prior convictions, they became
irrelevant and unusable in assessing his punishment.  








Appellant pled true to the enhancement paragraph for
unauthorized use of a motor vehicle. 
When the State offered into evidence the judgments and sentences of
appellant=s prior convictions, appellant=s attorney stated, “[w]e have no
objection to, apparently is State=s Exhibit 3 through State=s Exhibit No. 13, Your Honor.  Excuse, me 14.”  The State and the defense then rested.  

By stating to the trial court that he had Ano objection@ to the admission of the judgments
and sentences, appellant waived this issue on appeal.  Tex.
R. App. P. 33.1.  In any event,
even if appellant had not waived this complaint for appellate review, we find
such error, if any, is harmless.  The
erroneous admission of evidence is nonconstitutional error and is subject to
harm analysis under Texas Rule of Appellate Procedure 44.2(b), which provides “[a]ny other error, defect,
irregularity, or variance that does not affect substantial rights must be
disregarded.”  Tex. R. App. P. 44.2(b). 
In other words, after examining the record as a whole, the appellate
court must disregard this error if it has fair assurance that the error did not
influence the jury or had but a slight effect. 
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998).  

Appellant pled true to the enhancement paragraph.  Although the punishment range for a first
degree felony is 5 to 99 years= incarceration and a fine of up to $10,000, the trial court
sentenced appellant to 30 years= incarceration without assessing a fineCthe low end of the punishment
range.  See Tex Pen. Code Ann. ' 12.32 (Vernon 1994).  Therefore, we find the admission of the
judgments and sentences did not affect appellant=s substantial rights.  

Appellant=s second issue is overruled. 
Accordingly, the judgment of the trial court is affirmed.

 

/s/        J. Harvey Hudson

Justice

 

 

Judgment rendered
and Memorandum Opinion filed March 6, 2003.

Panel consists of
Justices Hudson, Frost, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).