NO. 12-03-00384-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

EDWARD COX,                                                 §     APPEAL FROM THE 145TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     NACOGDOCHES COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Edward Cox appeals his conviction for five counts of aggravated sexual assault of a child,
for which he was sentenced to imprisonment for forty years and fined ten thousand dollars on each
count. Appellant raises one issue on appeal. We affirm.

Background
            Appellant was charged with six counts of aggravated sexual assault of a child. Appellant
pleaded “not guilty,” and the matter proceeded to jury trial. At trial, the State called the victim’s
grandmother as a witness and attempted to elicit outcry testimony


 from her. Appellant objected,
and a bench conference was held outside the presence of the jury during which Appellant and the
State elicited testimony from the grandmother. Following Appellant’s cross examination of the
grandmother, the trial court asked if Appellant wished to state an objection. Appellant responded
as follows:
 
Your Honor, I still object, that the first—what the statute says, that it’s the first adult over 18 that the
child tells that an offense has been committed. Okay. And, so [the victim’s mother] falls within that
statute. [The victim’s grandmother] does not.

              ....
 
Your Honor, if I could, when Mrs.—when [the victim’s mother] said that Matilda


 told her that
[Appellant had] been having sex with her in front and in the back, that’s a little bit more detail than
just saying, “he molested me.” So, you know, we still believe that [the victim’s mother] was the
original outcry. 
 
The trial court overruled Appellant’s objection, and the grandmother’s outcry testimony was
permitted.
            Ultimately, the jury found Appellant guilty as charged on five counts of aggravated sexual
assault of a child and assessed his punishment at imprisonment for forty years and a fine of ten
thousand dollars for each offense. The trial court sentenced Appellant accordingly. This appeal
followed.
Outcry Testimony–Preservation of Error
            In his sole issue, Appellant argues that the trial court abused its discretion in permitting the
grandmother’s outcry testimony because, in so doing, it denied Appellant his rights of confrontation,
due process, and due course of law pursuant to the constitutions of the State of Texas and the United
States. More specifically, Appellant contends that when, as in the instant case, the trial court fails
to require the State to call the victim to test the reliability of the outcry testimony, the burden
improperly falls upon Appellant to do so, resulting in a denial of his aforementioned constitutional
protections.
            When the State proffers an out-of-court statement of a child witness pursuant to Article
38.072, it is incumbent upon the accused to object on the basis of confrontation and/or due process
and due course of law. Holland v. State, 802 S.W.2d 696, 699-700 (Tex. Crim. App. 1991); see also
Tex. R. App. P. 33.1(a)(1)(A). At that point, the State can respond by following either one of two
courses. Holland, 802 S.W.2d at 700. First, the State can announce its intention to call the child
declarant to the stand to allow confrontation without the accused having to call the child to the stand
himself. Id. Alternatively, the State can make a showing both that (1) the out-of-court statement
is one that is reliable under the totality of circumstances in which it was made and (2) use of the out-of-court statement in lieu of the child’s testimony at trial is necessary to protect the welfare of the
child witness. Id.
            Yet even where the State fails to either place the child declarant on the witness stand or make
a particularized showing of necessity in failing to do so, where the appellant raised no timely
objection to the outcry testimony on specific constitutional bases, error is not preserved for appeal. 
See id. Here, as did the appellant in Holland, Appellant failed to raise the constitutional issues to
the trial court that he now seeks to raise on appeal. Rather, Appellant objected to the trial court that
the grandmother was not a proper outcry witness. In short, Appellant lodged a hearsay objection,
not an objection to a violation of confrontation. Id. The two are neither synonymous nor necessarily
coextensive. Id. (citing California v. Green, 399 U.S.149, 155–56, 90 S. Ct. 1930, 1933–34, 26 L.
Ed. 2d 489 (1970)). Therefore, we hold that Appellant, by failing to preserve the error he now seeks
to raise on appeal, has waived the issue.


 Appellant’s sole issue is overruled.

Disposition
            Having overruled Appellant’s sole issue, we affirm the trial court’s judgment. 

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered August 24, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






(DO NOT PUBLISH)