Opinion issued June 15, 2006








     







In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00919-CR




DARRELL HALL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 1021456




MEMORANDUM OPINION A jury found appellant, Darrell Hall, guilty of aggravated robbery. The jury
assessed appellant’s punishment, enhanced by two prior felony convictions, at 40
years’ confinement. In two points of error, appellant challenges (1) the legal
sufficiency of the evidence and (2) an evidentiary ruling of the trial court.
          We affirm.
Background
          On March 15, 2005, appellant robbed the complainant, Julian Landaverde, at
gunpoint. Appellant took Landaverde’s mobile telephone and wallet containing
$200. Appellant fled the scene as a passenger in a black car. Before the car drove
off, Landaverde wrote down the license plate number. Landaverde contacted the
police to report the incident and gave the responding police officer the license plate
number. 
          Ten days later, Houston police officer W. Lyons was dispatched to an
apartment complex. When he arrived, Officer Lyons saw appellant get out of the
passenger side of a black car. Appellant ran up to Officer Lyons and said, “He’s back
there.” Appellant then ran in the direction he had indicated to Officer Lyons. 
          Officer Lyons checked the license plate number of the black car and discovered
that it was connected with the March 15 robbery of Landaverde. Although the black
car was identified as having been involved in the robbery, no suspect had been
named. 
          Officer Lyons then approached a woman sitting in the black car. The woman
directed Officer Lyons to the apartment where appellant lived. The apartment
identified by the woman belonged to Alvin Stewart. Appellant had been living with
Stewart in the apartment. Officer Lyons spoke with Stewart who provided the officer
with appellant’s name. 
          Based on this information, Houston police detective P. Reese compiled a
photospread that included appellant’s photograph. Detective Reese showed the
photospread to Landaverde, who immediately identified appellant as the person who
had robbed him. 
Moot Issue
          In his first point of error, appellant contended that the evidence was legally
insufficient to support his conviction because volume two of the reporter’s record had
not been filed with the district clerk’s office. The State contends that this point of
error was rendered moot by the subsequent filing of volume two. We agree.
          Volume two contained a transcript of pretrial matters heard by the trial court. 
After appellant’s brief was filed, volume two was filed with the district clerk. 
Appellant then filed a supplemental brief in this Court. Appellant acknowledged that
volume two had been filed and that it “does not include any testimony, evidence or
hearings regarding the legal issues regarding [appellant’s] case.” The “prayer for
relief” in appellant’s supplemental brief only requests this Court to consider his
second point of error and to remand the case for a new trial. 
          Accordingly, we overrule appellant’s first point of error as moot.
Evidentiary Challenge
          In his second point of error, appellant complains of the trial court’s admission
of Officer Lyons’s testimony that Stewart had provided the officer with appellant’s
name. Appellant contends that such testimony was hearsay and violated his right to
confrontation as provided in the Texas Constitution. See Tex. Const. art. I, § 10. 
          Appellant did not preserve error as to his confrontation complaint. At trial,
appellant objected to the complained-of testimony only on the ground that it was
hearsay. Although admission of hearsay evidence against a criminal defendant
implicates the right of confrontation, hearsay objections and objections to violations
of the constitutional right to confront witnesses are neither synonymous nor
necessarily coextensive. Holland v. State, 802 S.W.2d 696, 700 (Tex. Crim. App.
1991). In Paredes v. State, the Court of Criminal Appeals held that an objection
made solely on the basis of hearsay did not preserve error on federal confrontation
clause grounds. 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). Because he did not
object to Officer Lyons’s testimony on the basis of his right to confront witnesses
under the Texas Constitution, we hold that appellant waived review of this claim on
appeal. Id.; see Tex. R. App. P. 33.1. 
          Moreover, the trial court did not abuse its discretion by overruling appellant’s
hearsay objection to Officer Lyons’s testimony that Stewart had provided him with
appellant’s name. See State v. Mechler, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005)
(applying abuse-of-discretion standard to evidentiary rulings). Hearsay is an
out-of-court statement that is offered to prove the truth of the matter asserted. Tex.
R. Evid. 801(d). Conversely, a statement not offered to prove the truth of the matter
asserted is not hearsay. See Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App.
1995). 
          Texas courts have held that a statement is not hearsay when it is admitted, not
for the truth of the matter asserted, but to establish the course of events and
circumstances showing how a defendant became a suspect or depicting events leading
to his arrest. See id. at 347–48 (holding that appointment book and patient
application form containing defendant’s name were not inadmissible hearsay because
they were admitted to explain how defendant became suspect); Thornton v. State, 994
S.W.2d 845, 854 (Tex. App.—Fort Worth 1999, pet. ref’d) (holding that police
officer’s testimony was not hearsay when admitted to establish course of events and
circumstances leading to defendant’s arrest). 
          In this case, Officer Lyons’s testimony that Stewart provided him with
appellant’s name served to inform the jury how appellant became a suspect and
established the course of events leading to appellant’s arrest. For that reason, the trial
court would have been justified in concluding that Officer Lyons’s testimony was not
hearsay because it was not offered for the truth of the matter asserted. Thus, the trial
court did not abuse its discretion in admitting the complained-of testimony.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.




                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Jennings, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).