Affirmed and Opinion filed July 25, 2006








Affirmed and Opinion filed July 25, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00859-CR

____________

 

MIGUEL GARCIA UGARTE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 883,534

 



 

O P I N I O N

A jury convicted Miguel Garcia Ugarte of murder and
sentenced him to confinement for eighteen years in the Institutional Division
of the Texas Department of Criminal Justice.  In his sole issue, appellant
argues the trial court erred in denying his constitutional right to
confrontation in violation of the Federal and Texas constitutions.  Because
appellant has failed to preserve error on this issue, we affirm.








I.  Factual and Procedural History

Appellant does not deny that he shot and killed Edin
Suarez; however, appellant contends he acted in self-defense.  Both appellant
and eyewitness Norma Porras testified that appellant and Suarez argued by
telephone on the day of the shooting.  However, when appellant=s trial counsel
cross-examined Porras regarding statements Suarez made to appellant, the trial
court sustained the State=s hearsay objections.  Appellant did not
inform the trial court of the purpose of questions, or the testimony the
questions were expected to elicit.  On appeal, appellant contends the trial
court erred in sustaining the State=s hearsay
objection to such testimony because in doing so, the trial court violated his
Sixth Amendment right to confrontation and hampered his ability to adequately
present his claim of self-defense.  Appellant also contends for the first time
on appeal that the hearsay evidence was not being offered for the truth of the
matter asserted. 

II.  Analysis








To preserve error, there must be a timely, specific
request, objection, or motion.  See Tex.
R. App. P. 33.1.  Even constitutional error may be waived by failure to
raise the issue at trial.  See Briggs v. State, 789 S.W.2d 918, 924
(Tex. Crim. App. 1990) (en banc) (holding that, by failing to object, appellant
waived claim that admission of videotape violated his rights to confrontation
and due process/due course of law).  Specifically, a defendant waives his
constitutional right to confront witnesses if he does not object to the denial
of that right at trial.  Holland v. State, 802 S.W.2d 696, 700 (Tex.
Crim. App. 1991) (en banc) (holding that appellant=s hearsay
objection did not preserve claim that evidence violated appellant=s right of
confrontation); Thacker v. State, 999 S.W.2d 56, 61 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d) (emphasizing that hearsay objections
and objections to violations of the constitutional right of confrontation are
not synonymous; thus, appellant=s failure to object on the basis of the
confrontation clause waived appellant=s right to
confront witnesses); Saldivar v. State, 980 S.W.2d 475, 496 (Tex. App.CHouston [14th Dist.]
1998, pet. ref=d) (holding that appellant=s objection to
hearsay and failure to object on the ground that the hearsay admission violated
appellant=s right to confrontation was insufficient to preserve
error).   

The same Araise it or waive it@ rationale applies
to the proffer of evidence.  See Reyna v. State, 168 S.W.3d 173, 179
(Tex. Crim. App. 2005); Martinez v. State, 91 S.W.3d 331, 335B36 (Tex. Crim.
App. 2002).  Just as a party seeking to exclude evidence must state the basis
of his objection, a party seeking to introduce evidence must meet an objection
with argument stating the basis for its admission.  See Reyna, 168
S.W.3d at 179 (holding that defendant waived his claim that the exclusion of
evidence violated his rights under the Confrontation Clause where, in response
to the State=s objection, the defendant Adid not argue that
the Confrontation Clause demanded admission of the evidence.@); see also
Tex. R. Evid. 105(b) (when
evidence that is not admissible for all purposes is excluded, Asuch exclusion
shall not be a ground for complaint on appeal unless the proponent expressly
offers the evidence for its limited, admissible purpose . . . .@) (emphasis
added).  In response to a hearsay objection, A[t]he proponent 
of an out-of-court statement, not the trial court, is required to specify which
exception to the hearsay rule he is relying upon or to specify how the evidence
is not hearsay.@  Oveal v. State, 164 S.W.3d 735,
742 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d), cert.
denied, C U.S. C, 126 S.Ct. 1917, 164 L.Ed.2d 671, 74
U.S.L.W. 3617 (2006).  If the proponent of the evidence does not clearly articulate
that the Confrontation Clause requires the admission of the challenged
evidence, he fails to do Aeverything necessary to bring to the judge=s attention the
evidence rule or statute in question and its precise and proper application to
the evidence in question@ and error is not preserved.  Reyna,
168 S.W.3d at 179B80 (quoting Martinez, 91 S.W.3d at
335B36).  It is not
enough to merely attempt to introduce the evidence, or Ato tell the judge
that evidence is admissible.@  Id. at 177.  AThe proponent, if
he is the losing party on appeal, must have told the judge why the
evidence was admissible.@  Id. (emphasis added).  Because
the appellant failed to apprise the trial court of a basis on which to admit
the challenged out-of-court statements, appellant has not preserved this issue
for appeal.  








III.  Conclusion

Because
appellant failed to preserve error, we overrule appellant=s sole issue and
affirm the judgment of the trial court.

 

 

/s/      Eva M. Guzman

Justice

 

 

 

Judgment rendered and Opinion filed July
25, 2006.

Panel consists of Chief Justice Hedges and
Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).