

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID LEE KELLEY, | § | No. 08-13-00337-CR |
| Appellant, | § | Appeal from the |
| v. | § | 355th Judicial District Court |
| THE STATE OF TEXAS, | § | of Hood County, Texas |
| Appellee. | § | (TC# CR12456) |
| | § | |

## O P I N I O N

David Lee Kelley appeals his two drug-related convictions. In one issue, he claims the trial court reversibly erred in repeatedly admitting an informant's out-of-court statements over his hearsay objections. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Kelley was charged in a two-count indictment with the following offenses: (1) possession of more than four grams of Methamphetamine with intent to deliver; and (2) possession of more than four grams of Oxycodone with intent to deliver. At trial, the State elicited testimony on three separate instances from two of its witnesses, narcotics investigators with the Hood County Sheriff's Office, that they received information Kelley was selling drugs. In each instance,

defense counsel raised, and the trial court overruled, a hearsay objection to the admissibility of the testimony.

The first instance occurred soon after Ray Miller, one of the narcotics investigators, had taken the stand. He was asked to explain what led him to investigate Kelley:

[PROSECUTOR]: On that day, did you receive some information about illegal activities occurring in Hood County?

[WITNESS]: Yes, ma'am, I did.

[PROSECUTOR]: And what time did you receive that information?

[WITNESS]: Shortly after lunch, I had received a call from the Hood County Sheriff's Department dispatch advising they had just received a call for service pertaining to narcotics being distributed from a residence in Montego Bay.

[DEFENSE COUNSEL]: Judge, let me object to hearsay.

[TRIAL COURT]: Overruled.

The second instance arose in a similar vein when William Watt, the other narcotics investigator and Miller's partner on the day in question, was asked the same question:

[PROSECUTOR]: On that date, did you receive some information about illegal activities occurring in Hood County?

[WITNESS]: I did.

[PROSECUTOR]: And about what time on March 5th did you receive that information?

[WITNESS]: It was a little after lunch, roughly around 12:30.

[PROSECUTOR]: And what was the nature of that information?

[WITNESS]: I had received a phone call from a street-level informant, advising that there was a place in Montego Bay –

[DEFENSE COUNSEL]: Judge, let me object to hearsay.

2

[TRIAL COURT]:   Overruled.

[WITNESS]:   Fellow by the name of Cowboy was dealing narcotics out of his vehicle.

[PROSECUTOR]:   And did you know who Cowboy was?

[WITNESS:   I did.

[PROSECUTOR]:   And who did you know cowboy to be?

[WITNESS]:   David Lee Kelley.

And the third instance transpired when Watt was asked to explain why he believed Kelley was

selling narcotics:

[PROSECUTOR]:   And that money that was found in the defendant's pocket, did that indicate anything to you?

[WITNESS]:   Yes, ma'am.

[PROSECUTOR]:   And what did that indicate to you?

[WITNESS]:   Between the baggies, the empty baggies, all the scales and everything is kept in one area location, and the fact that we got word that he was selling out of the vehicle, and the cash that he had in his pocket, indicated that he was selling.

[DEFENSE COUNSEL]:   Judge, let me object to the portion of that response where he says he heard from some other person as hearsay.

[TRIAL COURT]:   Overruled.

[PROSECUTOR]:   Okay.  Go ahead, Investigator Watt.  What did it indicate to you?

[WITNESS]:   It indicated that he was selling methamphetamine and other narcotics.

Neither the street-level informant nor the individual who telephoned dispatch were called by the

State as witnesses.

3

The jury found Kelley guilty of both counts and assessed punishment at 99 years' imprisonment on each count.

## PRESERVATION OF ERROR ASSERTING VIOLATION OF SIXTH AMENDMENT RIGHT TO CONFRONT WITNESSES

Kelley contends the trial court violated his Sixth Amendment right to confront witnesses against him when it admitted the out-of-court statements "linking [him] to distribution of narcotics" over his hearsay objections because he was unable to cross-examine the declarants. In support of his constitutional complaint, Kelley cites *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford*, the Supreme Court held that the Sixth Amendment bars admission of out-of-court statements "testimonial" in nature at trial unless the declarant is unavailable and the defendant previously had the opportunity to cross-examine the declarant. 541 U.S. at 59, 124 S.Ct. at 1369. But Kelley's reliance on *Crawford* is misplaced because—as the State correctly points out in its brief—he has failed to preserve his constitutional complaint for appellate review.

A hearsay objection raised at trial is not sufficiently specific to preserve a Confrontation Clause complaint brought on appeal because the two are neither synonymous nor necessarily coextensive. *Holland v. State*, 802 S.W.2d 696, 700 (Tex.Crim.App. 1991). To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to inform the trial court of the basis for his complaint, unless the basis is apparent from the context. TEX.R.APP.P. 33.1(a)(1)(A). The rationale for requiring a party to preserve at trial the specific error about which he complains on appeal is two-fold. First, requiring a party to object at trial permits the trial court or opposing party to respond or cure the problem before it becomes error. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex.Crim.App. 2005).

4

Second, requiring a party to lodge an objection at trial affords the trial court the opportunity to rule upon the rationale articulated by the complainant on appeal. *Reyna*, 168 S.W.3d at 178.

Here, Kelley never argued to the trial court that the admission of the informant's out-of-court statements violated his Sixth Amendment right to confront the informant. Instead, he argued that the testimony in issue was inadmissible as hearsay. But his hearsay objections were not broad enough to encompass additional, unstated objections based on the constitutional right to confront because the hearsay and confrontation doctrines are neither synonymous nor necessarily coextensive. Put simply, Kelley's hearsay objections were not specific enough to alert the trial court to his additional, unstated confrontation complaint. Thus, the trial court was never given the opportunity to rule on the admissibility of evidence on this basis, much less given the opportunity to cure the alleged problem before it became error. Because a hearsay objection is not sufficiently specific to encompass a confrontation complaint, Kelley has failed to preserve his complaint for appellate review.[1] *See* TEX.R.APP.P. 33.1(a); *Davis v. State*, 313 S.W.3d 317, 347 (Tex.Crim.App. 2010)(holding that Confrontation Clause claims are subject to preservation requirement); *Paredes v. State*, 129 S.W.3d 530, 535-36 (Tex.Crim.App. 2004)(holding that Confrontation Clause complaint required contemporaneous objection); *Holland*, 802 S.W.2d at 700 ("It would thus appear that appellant waived any claim that admission of the out-of-court statement of the child in this cause violated his right to confrontation.").

Kelley's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

---

[1] Kelley did not acknowledge the issue of error preservation in his brief, nor did he address it in a reply brief.

June 18, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)