

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAUL ROMO, JR., | § | No. 08-16-00274-CR |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20160D01613) |
| | § | |

## O P I N I O N

This is a criminal appeal of a jury conviction for Driving While Intoxicated with a punishment enhancement. Mr. Romo, the Appellant, brings a single issue that the trial court erred by admitting into evidence several judgments "not connected" to the Appellant and prays we remand for a new sentencing hearing.

## FACTUAL BACKGROUND

In April 2016, there was an auto collision in Northeast El Paso at the intersection of Sanders Avenue and Dyer Street. Mr. David Colon was driving his car south on Dyer Street, headed to the Panda Express franchise on the northeast corner of Dyer and Sanders, when, as he was turning left on a green turn light onto Sanders, his car was hit on the rear side quarter and spun around 180 degrees by the collision. The Appellant was driving north on Dyer and ran the red light at the Sanders Ave. intersection, colliding with Mr. Colon.

El Paso Police Officer Issac Sanchez was on patrol duty and had just finished his lunch at Panda Express when he heard the sound of tires screeching and cars colliding, and then looking over he saw the two cars sitting in the intersection. After a few minutes, he maneuvered his patrol car out of the parking lot, around the backed-up traffic, and into the intersection, where he parked his patrol car to block the north bound lanes of Dyer and with his patrol car camera on the accident scene. He checked on the two apparent drivers and the only occupants of the two vehicles. Mr. Colon had no apparent injuries and was getting out of his car. Officer Sanchez instructed him to wait on the near corner. Mr. Romo was still sitting in the driver's seat of his respective car and seemingly uninjured, though Officer Sanchez noticed several clues of intoxication. He instructed Mr. Romo to exit the car and wait on the opposite corner from Mr. Colon.

Officer Sanchez suspected that Mr. Romo was intoxicated and on the officer's request, Mr. Romo agreed to perform a standard field sobriety test, which he failed. Mr. Romo was arrested for driving while intoxicated, and he subsequently gave a breath sample that showed a blood-alcohol concentration of 0.176.

Mr. Romo testified in his own defense that he was not the driver. He claimed that the driver was actually a woman named Melanie whom he had just met. She had asked for a ride but because he had been drinking he had her drive. After the collision, he testified, she ran away and he got into the driver's seat to retrieve his wallet. There was, indeed, a woman seen running away from the accident scene by various witnesses; none of whom suggested that she was the driver, two saw Mr. Romo sitting in the driver's seat as did the DVD from Officer Sanchez' patrol car camera.

The jury found Mr. Romo guilty. He has not appealed the finding of guilt. Mr. Romo's single issue is that the trial court erred in admitting six certified judgments into evidence as part of the sentencing phase.

**DISCUSSION**

Just before the State rested in the guilt or innocence phase, there was an agreed stipulation entered into the record that: Mr. Romo was convicted of driving while intoxicated on June 4, 2007; and Mr. Romo was convicted of driving while intoxicated second on September 15, 2009.

Then, during the cross-examination of Mr. Romo, he was presented with six certified judgments of which he admitted that he had been:

- convicted of evading arrest or detention with a motor vehicle on September 21, 2012 in cause number 20110D00269;

- convicted of driving while intoxicated third or more on September 21, 2012 as Count I of cause number 20110D00269;

- convicted of driving while intoxicated third or more and assault of a public servant in cause number 20100D03876;

- convicted of driving while intoxicated third or more in cause number 20110D02015;

- convicted of evading arrest or detention with a motor vehicle in cause number 20110D00378; and

- convicted of failure to identify, giving false or fictitious information on November 7, 2006.

The objection during Mr. Romo's testimony and verbal admission of those convictions was that they were cumulative and more prejudicial than probative, which was overruled by the trial court. At the sentencing phase, the State introduced for admission into the record the certified conviction judgments that Mr. Romo had earlier admitted to in his cross-examination testimony, Mr. Romo's objection then was that the judgments had not be properly authenticated. The objection was overruled by the trial court.

3

## PRESERVATION OF ERROR

The single issue before us is that the trial court erred by admitting into evidence impeachment evidence of six judgments that, Mr. Romo argues, were not connected to him by matching his fingerprints to those prints on the judgments or by other testimony that the judgments belonged to Mr. Romo. Specifically, he argues that his due process protections for a fair trial were violated.

Evidentiary error must be preserved by making a proper objection and securing a ruling on that objection. TEX.R.APP.P. 33.1(a); TEX.R.EVID. 103(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). Failure to properly preserve error for appellate review may waive constitutional error. *Holland v State*, 802 S.W.2d 696, 700 (Tex.Crim.App. 1991); *Matter of P.M.*, 543 S.W.3d 365, 375 (Tex.App.--El Paso 2018, no pet.).

Mr. Romo's objections at the guilt innocence phase was that the certified judgments were cumulative and more prejudicially than probative; in the sentencing phase, his objection to the same evidence was that they were not authenticated. His only issue on appeal is that the trial court erred by "admitting into evidence several judgments not connected to the Appellant," which "violated Mr. Romo's due process protections for a fair trial." This is wholly different from those objections that he lodged at trial. As a result, Mr. Romo has failed to preserve this due-process claim which he raised for the first time on appeal.[1]

The judgment of the trial court is affirmed.

October 31, 2018

DAVID WELLINGTON CHEW, Senior Judge

---

[1] We have, nevertheless, considered the entirety of the record and briefs, and found no error or merit to the appeal.

Before McClure, C.J., Palafox, J., and Chew, Senior Judge
Chew, Senior Judge (Sitting by Assignment)

(Do Not Publish)