

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00164-CR

_____


CHRISTOPHER MARK BREWER, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 24193



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Christopher Mark Brewer appeals from his final adjudication of guilt, at which time he was sentenced to twenty-four months in a state jail facility.[1] The final adjudication was based on a single alleged violation of his conditions of community supervision—a failure to successfully complete a term of confinement and treatment in a substance abuse treatment facility.

Brewer argues that the adjudication should be reversed because the only evidence was a letter that was not admissible under TEX. R. EVID. 803(8) and that its admission over his objection violated his right to confrontation pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004).

The State alleged Brewer had not successfully completed SAFP or SAFPF. SAFP is the "Substance Abuse Felony Program."[2] SAFPF refers to the "Substance Abuse Felony Punishment Facilities."[3]

Brewer first argues the document showing his failure to satisfactorily complete the program was inadmissible hearsay.

---

[1] Originally, Brewer's adjudication of guilt was deferred and he was placed on five years' community supervision. The terms included his attending and completing the SAFP program and abiding by all the rules of the treatment center. The judgment indicates that SAFP order ran concurrently with a Madison County, Texas, case.

[2] TEX. CODE CRIM. PROC. ANN. art. 42.12, § 14(a) (West Supp. 2011).

[3] TEX. GOV'T CODE ANN. § 493.009 (West Supp. 2011).

## I.    Evidence Rule 803(8)

The letter is written on Texas Department of Criminal Justice letterhead and signed by the SAFPF release coordinator.   It was sent to the trial judge explaining Brewer's discharge from the program due to his poor behavior and requesting his transport back to Lamar County.

The trial court took notice of the court's file, including the report.   The issue as phrased on appeal is that the document was inadmissible under Rule 803(8).   That rule states:

> The **following are not excluded by the hearsay rule**, even though the declarant is available as a witness:
>
> . . . .
>
> (8)    **Public Records and Reports.   Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth**:
>
> (A)    the activities of the office or agency;
>
> **(B)    matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding in criminal cases matters observed by police officers and other law enforcement personnel; or**
>
> (C)    in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law;
>
> unless the sources of information or other circumstances indicate lack of trustworthiness.

TEX. R. EVID. 803(8) (emphasis added).

3

**II.    Classification of the Release Coordinator as "law enforcement personnel"**

The above rule dictates that matters observed by police officers or other law enforcement personnel are subject to the hearsay rule. The initial question is whether the coordinator is considered as "law enforcement personnel."

In this case, the document indicates on its face it was prepared by an employee of the Texas Department of Criminal Justice–Community Justice Assistance Division who worked as a release coordinator in a facility-based substance abuse program. The SAFPF facility is designed to "confine and treat" the defendants sentenced to its care. TEX. GOV'T CODE ANN. § 493.009(a) (West Supp. 2011). The coordinator had a duty to make the report to the judge who had placed Brewer on community supervision if the facility determined "that the defendant is not complying with the rules" of the facility. The court is to reassume custody of the defendant within twelve days after such notice. TEX. GOV'T CODE ANN. § 493.009(f)(2)–(3) (West Supp. 2011).

We conclude that a release coordinator for the Texas Department of Criminal Justice reporting a defendant's noncompliance with the facility's rules to a sentencing court for its further action is acting as "law enforcement personnel" as contemplated by the rule.

**III.    The Nature of the Report**

Even though the rule provides that reports of matters "observed by police officers or other law enforcement personnel" are not excluded from the impact of the hearsay rule, the Texas Court of Criminal Appeals has held that even matters observed by police officers are admissible if the

4

observations were made and recorded in a ministerial way. *Pondexter v. State*, 942 S.W.2d 577, 585 (Tex. Crim. App. 1996). The court stated that the reasons for possible impairment of judgment of the police officers and law enforcement personnel are not implicated in situations where officers are conducting routine business matters, such as recording objective observations. *Id.*

Reports made by those investigating a crime have been held to be clearly outside the admissibility exception of the rule. In applying the rule, the policy considerations as articulated by the Texas Court of Criminal Appeals reason that Rule 803(8)(B) does not necessarily apply to law enforcement reports that are prepared in a nonadversarial setting, that are unrelated to any specific litigation, and that record objective, neutral observations. *See id.*

First, we look to see whether the report is an objective, routine determination of unambiguous facts prepared by an official with no inherent motivation to distort the results. *See Garcia v. State*, 868 S.W.2d 337, 341 (Tex. Crim. App. 1993). The letter is a statement notifying the court Brewer failed the program and asking the court to bench warrant him back to Lamar County. The remainder of the report is a summary of specified disruptive behavior, quoting statements made by Brewer to other participants in the program. The letter is clearly objective in nature, a recitation of action by the facility. The remainder of the report is less so—being a summary of observed behavior explaining why Brewer had been failed from the program.

5

The subjective degree of the report is considered in determining whether the official had a motive to distort the report's results. *Id.* The letter is not subjective, but there is a subjective element to the recitations in the attachments. The first prong of the test decidedly falls in favor of concluding that the letter was properly admissible, but much less so to the attachments.

We are also to consider the adversarial context in which the report was prepared in determining the admissibility of that report. *Id.* at 342. The document indicates the date of its creation, and it is clearly a part of the duties of the individual to carry out the orders of the trial court in making such a report, and it is thus made in the ordinary course of his or her duties.

In a lengthy pair of footnotes, the Texas Court of Criminal Appeals recently described the application of the rule allowing admission of law enforcement reports not prepared for purposes of adversarial proceedings or prosecution of a defendant. The court explained why the parallel federal rule of evidence was created, and distinguished incident or crime reports from "ordinary, routine duties" such as recording property or taking fingerprints, as being recordations of unambiguous routine or ministerial objective observations. In making these distinctions, the court pointed out the difference in purpose: focusing on the investigative nature of inadmissible law enforcement reports, or their purpose to facilitate or even encourage prosecution. *Fischer v. State*, 252 S.W.3d 375, 382–83 nn.29–30 (Tex. Crim. App. 2008).

In this case, the release coordinator had a statutory duty to prepare the return request and to inform the trial court whether Brewer had passed or failed the course. TEX. GOV'T CODE ANN.

§ 493.009(f)(2)–(3). In relevant part, after stating that he had failed to complete the program and listing the types of violations, the release document reads as follows:

> Since being in program client has received 5 learning experiences, 2 TDCJ case and placed in treatment separation. Due to the seriousness of this infraction the treatment team is recommending a behavioral discharge.
>
> Therefore, in accordance with Section 493.009 (I) (2-3) of the Government Code, the treatment and security professionals at the SAFPF have requested client be picked up by June 29, 2011, giving the court (12) days within which to resume custody of the offender.
>
> We respectfully request the issuance of a bench warrant for the transportation of this offender to your jurisdiction by the county sheriff in advance of the release date above.

The letter is ministerial/administrative in nature created by the coordinator pursuant to a duty imposed by law. The letter itself is a notice that officials of the facility are recommending Brewer's discharge and advising the court to resume custody within the statutory time period. The detailed attachments explaining the specific conduct of Brewer that led to the conclusion that he was not complying with the center rules are similar to a report of a criminal investigation, and although they were not necessarily created for the purpose of facilitating a prosecution against Brewer for his misdeeds while in the institution, we find those portions of the documents to fall on the inadmissible side of the spectrum.

## IV. The Document Was Partly Admissible and Partly Inadmissible

We review the trial court's decision to admit evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). When an exhibit

7

contains both admissible and inadmissible evidence, the burden is on the objecting party to specifically point out which portion of the evidence is inadmissible. *Whitaker v. State*, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009); *Reyes v. State*, 314 S.W.3d 74, 78 (Tex. App.—San Antonio 2010, no pet.).

A trial court does not abuse its discretion when it admits the exhibit in its entirety if the objecting party fails to segregate the admissible from the inadmissible. *See Whitaker*, 286 S.W.3d at 369. Brewer objected to the entire document, including attachments, and did not request specific portions to be excluded. Because the letter is admissible as described above, the trial court did not abuse its discretion by admitting the letter as evidence, and the letter shows Brewer did not meet the conditions imposed by the court.

## V. Two Issues We Cannot Reach

Brewer lists as an issue a claim that without the document above, there is no evidence to support the adjudication. He did not brief the sufficiency argument. Where a point of error is inadequately briefed, we will not address it. *Vuong v. State*, 830 S.W.2d 929 (Tex. Crim. App. 1992). We will not brief an appellant's case for him or her. *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995). Our conclusion that the trial court did not abuse its discretion in admitting the entire document essentially negates this argument. The letter and attachments provided sufficient evidence that Brewer had violated the terms of his community supervision by failing to abide by all the rules of the center. Additionally, Brewer's community supervision

officer testified Brewer had been discharged and had failed to complete the program. The State must prove by a preponderance of the evidence that the defendant violated a term of his community supervision to justify adjudication, and we review the evidence's sufficiency under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). As there is evidence that Brewer violated the term, we conclude the trial court did not abuse its discretion by finding such a violation and revoking his community supervision.

Brewer also argues his right to confrontation was violated by admission of the document. To preserve denial of a right to confrontation error, one must specifically object based on the Confrontation Clause. *Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991); *Acevedo v. State*, 255 S.W.3d 162, 173 (Tex. App.—San Antonio 2008, pet. ref'd). Because the trial objection was not based on such a violation, no error is preserved. TEX. R. APP. P. 33.1. The contention of error is overruled.

We affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:     February 9, 2012
Date Decided:       February 28, 2012

Do Not Publish

9